AIKEN v. LYON.

(November 13, 1900.)

1. *Evidence—Competency—Lost Record—Supreme Court Record—Transcript.*

Where a Superior Court record is lost, a certified copy of the transcript of the same in the Supreme Court is sufficient evidence of the record.

2. *Estoppel—Judgment notwithstanding the verdict—Record —Res Judicata.*

Although judgment is asked notwithstanding the verdict, if the judgment is rendered upon the issues, it constitutes an estoppel.

3. *Estoppel—Judgment—Record in Supreme Court—Evidence.*

A certified copy of the record in the Supreme Court constitutes an estoppel as between the same parties when the subject matter in litigation is the same.

4. *Deeds—Certificate—Sufficiency—Justice of the Peace.*

The certificate of the justice of the peace in this case held sufficient.

5. *Ejectment—Demand and Ouster—Answer.*

To deny plaintiff's title to land and plead sole seisen, admits a demand and ouster.

6. *Verdict—Trial—Judge—Jury—Findings of Fact.*

That the judge wrote the findings of the jury, if they agreed to and returned them as their verdict, does not vitiate the verdict though it is irregular.

CIVIL ACTION by A. E. Aikin, J. P. Cash and wife, John Hays and wife, B. J. Coley and wife, B. F. Aiken and J. F.

Sanderford v. T. B. Lyon, heard by Judge *Frederick Moore* and a jury, at Spring Term, 1900, of GRANVILLE Superior Court. The certificate of the Justice of the Peace is here set out in full.

I, E. E. Lyon, Justice of the Peace for Granville County, State of North Carolina, do hereby certify that W. D. Vaughan and S. E. Vaughan his wife, and B. F. Tingen and M. P. Tingen his wife, personally appeared before me and acknowledged the within deed and for the purpose therein expressed, and the said S. E. Vaughan and M. J. Tingen being by me privately examined, separate and apart from their said husbands, as touching their voluntary execution of the same, doth state that they signed the same freely and voluntarily and without fear or compulsion of their said husbands, or any other persons, and doth still assent thereto.

. This, March 25, 1898.              E. E. LYON,
                                         *Justice of the Peace.*

From judgment for plaintiffs, the defendant appealed.

*John W. Hays, Boone, Bryant & Biggs* and *Royster & Hobgood,* for plaintiffs.
*A. W. Graham, J. W. Graham,* and *Winston & Fuller,* for defendant.

FURCHES, J.   This is an action for possession of land, in which plaintiffs allege that they are tenants in common with defendant. The defendant denies taht plaintiffs are owners of any interest in said land, and pleads *sole seisin.* The plaintiffs are the heirs at law and assignees of the heirs at law of W. E. and Lydia J. Aiken, and claim that they are the owners of 150-218 of the land in controversy. They allege that the land was bought for $218, and that Lydia J. Aiken paid $150 of the purchase-money, but through ignorance or

inadvertence the deed was made to her husband, W. E. Aiken, and that the said Lydia J. was the equitable owner of 150-218 of said land; that the said W. E. in 1850 made and executed a mortgage to the defendant, in which he attempted to convey the whole of said land in fee simple. This mortgage was afterwards foreclosed, and the defendant became the purchaser at the foreclosure sale. The mortgagor and wife, Lydia, being in possession of the mortgaged land, the mortgagee and purchaser, Lyon, brought an action for possession against the said W. E. Aiken and wife, Lydia, in the Superior Court of Granville County, in which action he alleged that he was the owner of the land in fee simple. To this complaint the *feme* defendant, Lydia, answered, and said that she was the equitable owner of said land; that the same was bought with money arising upon a sale for partition of land she inherited from her father, and that fact was known to plaintiff when he took the mortgage; that the deed therefor was made to her husband, through inadvertence, mistake, or ignorance, instead of being made to her; that she did not join in the mortgage of her husband to the plaintiff, Lyon, and was not a party to the action to foreclose the same—and asked that the plaintiff, Lyon, be declared a trustee of said land for her benefit. Upon this state of the pleadings, the case came on to be tried at Spring Term, 1876, of the Superior Court of Granville County, upon the following issues submitted to the jury: "(1) Was the land in controversy paid for in whole or in part with the funds of the defendant, Lydia J. Aiken, arising from the sale of her real estate, and, if so, how much of said fund was so applied, and when? Say that $150 was paid 15th March, 1850. (2) If the land was purchased with her funds, the proceeds of sale of her real estate, did the plaintiff have notice of that fact at the date of his mortgage from William E. Aiken, 23d July, 1861?

Say he did.   (3) What was the annual value of said land?
Say $70.   (4) Did defendants, or either of them, commit
waste on said land while in their possession, and, if so, to
what amount?   Say there was no waste."   Upon the coming
in of the verdict, the plaintiff moved for judgment "notwith-
standing the verdict."   And it appearing that the defendant,
W. E. Aiken, and the defendant, Lydia J., intermarried in
March, 1846, she being then 17 years of age; that in July,
1848, the husband purchased the land in controversy for
$218, taking to himself a deed in fee simple therefor, and in
1850 paying for it with his wife's money, of which money
$150 was derived from the sale of her land for partition; and
the purchase having been made in July, 1848, and before No-
vember, 1848, when the act of the Legislature went into effect,
preventing the sale of the wife's land by the husband without
her joinder—the husband had an estate by the curtesy in
said land for the term of his life, which he could convey.
The Court therefore gave the plaintiff judgment for the pos-
session of the whole tract of land, and $70 damages for the
detention of possession by defendants.   From this judgment
the defendants appeal to the Supreme Court, where the
judgment was affirmed, and is reported in 78 N. C., 258.
Upon the trial of this case at the Spring Term, 1900, of
GRANVILLE Superior Court, the plaintiffs stated that the
papers—the judgment roll—of the former action were lost,
and diligent search had been made for them, and they could
not be found.   This was admitted by the defendant, and the
plaintiffs then offered in evidence a duly-certified transcript
of the record of the case in the Supreme Court, containing
summons, pleadings, issues, and judgment of the Superior
Court of Granville County, and the judgment of the Supreme
Court; also a transcript of the trial, issues, and judgment of
the Superior Court of Granville County at Spring Term,

1879, upon the certifictae of the Supreme Court. This evidence was objected to by the defendant, but allowed by the Court, and this is the principal question involved in this appeal. As we understand the defendant, he objected to it upon the ground that a record could not be proved except by a transcript of the record of the Court. The defendant further contended that it was incompetent, and, if admitted, that it would prove nothing, because there was no judgment upon the issues; that it stood as a judgment upon demurrer, which proved nothing, as the judgment "notwithstanding the verdict" was equivalent to setting aside the verdict, and the record then would not be competent evidence, and would prove nothing. We do not agree with the defendant as to these contentions. The defendant is the same person that was planitiff in the former action. The plaintiffs are the heirs at law and assignees of the heirs at law of Lydia J. Aiken, the *feme* defendant in the former action, and the land in controversy is the same that was in controversy in the former action. So it would seem that there is every element contained in the record of the former trial necessary to constitute an estoppel, unless its effect is destroyed by the manner in which the judgment was rendered upon the record and issues found by the jury.

The first question to be considered is, was the transcript from the Supreme Court competent evidence? And it seems to us that this is hardly a debatable question. Where it appears that there has been a record, and it is lost or destroyed, the same may be supplied by other competent evidence. *Mobley v. Watts,* 98 N. C., 284; *Cox v. Lumber Co.,* 124 N. C., 78, and cases cited. But, to our minds, this is not secondary evidence. It is a certified copy of the very record of the former trial, which is the proper way of proving a record, and probably the only way, if objection is made. Then,

if it was competent to offer this transcript in evidence, as
we hold it was, it was like a properly registered deed.   It was
competent evidence, though it might not prove what it was
intended to prove.   *State v. Morris,* 84 N. C., 756.   It is
competent evidence, whether it amounts to an estoppel or not.
This evidence being competent and properly admitted, in our
opinion it constituted an estoppel.   The issues and the find-
ings of the jury in the first action are incorporated in, and
made a part of, the judgment of the Court; and, although
it is said that the plaintiff asked for judgment "notwithstand-
ing the verdict," he was entitled to judgment against the de-
fendant on the issues—the verdict—as found by the jury,
and he had a judgment against them upon the verdict.   It is
true that he got a judgment for more than he would have
been entitled to upon the findings of the jury.   But this was
owing to the fact that the husband was entitled to a life estate,
as his curtesy, under the law in existence at the time the wife
acquired title.   We do not discuss this part of the law of the
case, as it is so fully discussed and so clearly stated in the
opinion in *Lyon v. Akin, supra.*   It seems to be held by high
authority that in some cases a judgment upon demurrer works
an estoppel.   *Bigelow,* Estop. 56.   Also, that a verdict, in a
case between the same parties where the subject-matter in
litigation is the same, though the judgment is different, may
work an estoppel.   This is called an "estoppel by verdict."
*Bigelow,* Estop., 90, 91.   But, from the view we take of this
case, it is not necessary to call into requisition either of these
doctrines.   The record being competent evidence, and the
defendant having offered no evidence, it was sufficient to au-
thorize the jury to find the verdict they did, even if it had not
been an estoppel, as we think it was.   *State v. Morris, supra.*

    The defendant's exception to the certificate of the Justice
of the Peace to the deed of W. D. Vaughan and wife, and B.

F. Tingen and wife to J. F. Sanderford, can not be sustained. *Lineberger v. Tidwell,* 104 N. C., 506 ; *Robbins v. Harris,* 96 N. C., 557.

The exception taken by the defendant that plaintiffs have not proved an ouster can not be sustained.  The defendant denied the plaintiffs' title to any part of the land, and pleaded that he is sole seised.  This was, in effect, to admit a demand and ouster.  *Allen v. Salinger,* 103 N. C., 14 ; *Cable v. Railway Co.,* 122 N. C., 893.

The Judge did not direct the verdict, but instructed the jury, if they found certain facts, what their verdict should be ; and the fact that he wrote their findings, if they agreed to them and returned them as their verdict, did not vitiate the same, though it may have been somewhat irregular.  *Wool v. Bond,* 118 N. C., 1, 23 S. E., 923.  So, upon a full consideration of the whole case, we are of the opinion that the judgment below should be affirmed.

Affirmed.