WEEKS v. McPHAIL.

(Filed April 16, 1901.)

1. JUDGMENT—*Decree—Estoppel—Res Judicata—Ejectment.*

> A decree not appealed from is an estoppel upon the parties thereto and those claiming under them, though it may be erroneous in law.

2. EVIDENCE—*Documentary Evidence—Admissibility—Trial.*

> A certified copy of a petition in a suit is admissible in evidence upon proof of tne loss of the original record.

3. JUDGMENT—*Collateral Attack.*

> A decree can not be impeached collaterally on the ground that one recited therein as a party was not a party, or was an infant.

4. EVIDENCE—*Documentary Evidence—Affidavit—Trial.*

> A person can not put an affidavit in proof as substantive evidence on cross-examination of witness for other party.

DEFENDANT'S APPEAL.

ACTION by Sampson Weeks against Isaiah McPhail, Bertha Herring and husband, Rufus Herring, Ada R. Weeks and husband I. C. Weeks, J. F. Wilkins, George Daughtry and Daniel Lockamy, heard by Judge *George H. Brown* and a jury, at May Term, 1900, of SAMPSON County Superior Court. From a judgment for plaintiffs the defendants appealed.

*F. R. Cooper,* for the plaintiffs.

*J. L. Stewart, H. E. Faison* and *J. D. Kerr,* for the defendants.

CLARK, J.   Richard Warren, by his will executed in 1850, devised, among other property, the 70 acres herein sued for, to Hester Weeks and her children.   The plaintiff is one of said children and holds a deed executed in 1899 from the other children of Hester Weeks.   The defendant McPhail claims under a deed to him from Hester Weeks in 1859, under which he has been ever since, and is now, in possession. Hester Weeks died 10th July, 1896, and this action was brought 20th June, 1899.   The common source of title was the will of Richard Warren.

The plaintiff offered in evidence from the minutes of the Superior Court of Cumberland November Term, 1854, the following decree, "John Raynor and wife against Hester Weeks and others.   This cause coming on to be heard upon petition and answer and having been debated by counsel, it is declared by the Court that Richard Warren, by his last will and testament devised and bequeathed the lands, slaves and chattel property mentioned in the pleadings to the defendant Hester Weeks and her children, and the Court doth declare that by the proper construction of the said will, Hester Weeks took an estate for life with remainder to her children (of whom *feme* plaintiff is one) in fee.   It is further declared that the plaintiffs are not tenants in common with the defendant and not entitled to partition," and the decree thereupon further dismisses the petition with costs.

The decree was not appealed from and is an estoppel upon the parties thereto and those claiming under them, though it may be erroneous in law (*Silliman v. Whitaker,* 119 N. C., 89) in the construction thus placed upon the terms of the devise.

The plaintiff further offered a certified copy of a petition in the Court of Common Pleas and Quarter Sessions of that county, which recites that it is filed by John Raynor and wife (the latter a child of Hester Weeks) and the other chil-

dren of Hester Weeks, naming them, and Hester Weeks, setting out the 2d clause of the will of Richard Warren devising the realty and other property therein named to Hester Weeks and her children, that the executor has put Hester Weeks in sole possession, and averring that she is merely a tenant in common and asking a decree of partition. The petition, which is in regular form, is signed by C. G. Wright and Dobbin & Shepherd, Solicitors. At the bottom of this document is written the following, "A true copy from the petition now filed in office, December 16, 1852. J. R. Beaman, Clerk."

Witness Faircloth, attorney, testified: "Have searched in Clerk's office fully for original papers in above cause. Others helped me. Searched diligently. Examined nearly all the papers in the office. Failed to find the originals." Two other witnesses, including Deputy Clerk, testified the same as Faircloth.

W. K. Pigford, Clerk Superior Court, testified that J. R. Beaman was his father-in-law. That he knew his handwriting and that the aforesaid copy of the petition was all in his (Beaman's) handwriting, and that the signature was his. Another witness testified that he resided there in 1852, and at that time J. R. Beaman was Clerk of the County Court, as it was commonly called. The Court thereupon permitted said certified copy of the petition to be read in evidence along with the judgment decree above set out, which was rendered apparently in the same cause at November Term, 1854, of the Superior Court, and defendant excepted. In this we see no error. The judgment decree was read from the original minutes of the Superior Court, and it would seem reasonable that the aforesaid copy of the petition which had been filed in the Court of Pleas and Quarter Sessions and certified by the Clerk of that Court, was part of the transcript sent up to the Superior Court when the case was taken to that Court. But however that may be, it was made by the proper officer,

duly certified, and it was shown that the original could not be found.

In *Aiken v. Lyon;* 127 N. C., 171, it was held that a copy from the transcript, which had been filed on appeal in this Court, was competent upon proof of loss of the original records in the Superior Court. Here, the Court on the same proof of loss allowed a certified copy of the pleadings in the Court from which the cause had been carried to the Superior Court, and which indeed in all probability was the very transcript which had been sent to that Court.

It was also objected, on the argument here, that it did not appear that the cause had been regularly taken by appeal to the Superior Court. But the judgment of the Superior Court, upon the original minutes of that Court, recites the same parties, and that it is a construction of the will of Richard Warren as to the property devised to Hester Weeks, *i. e.* the same parties and the same subject-matter. The said will was in proof from the Book of Wills.

This judgment is not attacked directly, and it can not be impeached collaterally on the ground that one recited in the pleadings and judgment, as a party, was not in fact made a party. *Doyle v. Brown,* 72 N. C., 373. "The fact that the party complaining was at the rendition of the judgment a lunatic or an infant, constitutes no exception to this rule." *Brittain v. Mull,* 99 N. C., 483; *Syme v. Trice,* 96 N. C., 243; *Morrill v. Morrill,* 11 L. R. A., 154, and cases cited; *Williams v. Haynes,* 77 Texas, 283. There is a presumption of the regularity of the judgment.

The plaintiff under cross-examination was shown a paper purporting to be the affidavit of Hester Weeks, and in reply to question by defendant's counsel stated that this affidavit was signed and sworn to by his mother, and that he had offered or introduced the same in evidence upon trial of another case between himself and his brothers and sisters upon the

issues as to the ages of his brothers and sisters. The defendant then, before plaintiff had closed, offered the said affidavit in evidence. The plaintiff objected, objection sustained, and defendant excepted. The defendants could not thus put a paper in proof as substantive evidence for themselves on cross-examination of plaintiffs' witness. *Olive v. Olive*, 95 N. C., 485; *Andrews v. Jones*, 122 N. C., at page 667. Besides, as his Honor ruled, it was incompetent for the reason above given that the decree could not be attacked collaterally upon the ground (if it could be shown by the affidavit) that some of the parties were infants at the date of the decree.

No error.