### VIRGINIA-CAROLINA CHEMICAL CO. v. KIRVEN.

(Filed April 8, 1902.)

1. EVIDENCE—*Admissions—Competency.*

As to whether a person owned personal property claimed by him, it is competent to show that he remained silent when the property was claimed by another in his presence.

2. EVIDENCE—*Admissions—Deceased　Witness—Former　Trial— Case on Appeal.*

The testimony of a deceased witness contained in a case on appeal, signed by counsel for both parties, is competent evidence in a subsequent trial of the same case, against a party thereto.

ACTION by the Virginia-Carolina Chemical Company against J. P. Kirven, heard by Judge O. H. Allen and a jury, at October Term, 1901, of the Superior Court of NEW HANOVER County. From a judgment for the defendant, the plaintiff appealed.

*Rountree & Carr,* for the plaintiff.
*Bellamy & Peschau,* for the defendant.

FURCHES, C. J. J. P. Kirven is due the plaintiff by note for guano $2,298, with interest from the 25th of October, 1898. E. E. Kirven sold Alexander Sprunt & Son 100 bales of cotton, which the plaintiff has attached, or the proceeds thereof, upon the allegation that this cotton belonged to J. P. Kirven, and not to E. E. Kirven. Alexander Sprunt & Son were served as garnishee, came into Court, and alleged that they bought the cotton in good faith upon the open market in Wilmington from E. E. Kirven, who alleged that it was his cotton, and denied that it belonged to J. P. Kirven. This presented the issue which was formulated by the Court and submitted to the jury, as to whether the cotton or the proceeds

of the sale thereof belonged to J. P. Kirven or to E. E. Kerven, as claimed by the garnishee.

During the course of the trial, the plaintiff undertook to show that, after the attachment proceedings were commenced, J. P. Kirven claimed the cotton as his, and that E. E. Kirven admitted that it was J. P. Kirven's cotton. There had been a former trial of this case, in which trial one R. L. Dargan had been a witness, but was dead at the time of the second trial; and the plaintiff, for the purpose of proving what Dargan testified to on the former trial, offered one McCullough as a witness, who testified that he was present at the former trial; heard the testimony of Dargan, and that he could give the substance of his testimony. He then testified in substance that he (Dargan) was the agent of plaintiff, and that J. P. Kirven gave plaintiff the note for $2,298 for fertilizers. By permission of the Court plaintiff was allowed to ask the witness leading questions, and he asked the following: "Did you hear Mr. Dargan say that he, while riding in a buggy with Dr. Earle, met J. P. Kirven and E. E. Kirven on the road between Darlington and the home of Mr. Kirven, after he had attached these funds in the hands of Alexander Sprunt & Son, and that J. P. Kirven asked me what I meant by attaching his cotton? Answer. I did." "Question. What else did he say about that? Answer. Dargan asked if it was his cotton, and J. P. Kirven said, 'Most of it is; he had a great mind to say it was all his'; that E. E. Kirven was eight or nine feet distant in his buggy; that J. P. Kirven spoke very loud and that E. E. Kirven said nothing."

The admissions of a party against his interest are competent evidence and admissible on a trial against him, or those claiming under him; and it seems to be that where a party makes a statement in the presence of a party prejudicial to his rights, and he remains silent, or where one claims the property of another in his presence and he remains silent, this is

considered an implied admission of the truth of such claim. So, if J. P. Kirven claimed this cotton as his, in the presence of E. E. Kirven and he heard it and remained silent, it was an implied admission by him that it was J. P. Kirven's cotton, and it was competent for the plaintiff to prove it. *State v. Perkins,* 10 N. C., 377; *State v. Bowman,* 80 N. C., 432. The plaintiff had undertaken to prove this by the testimony of Dargan on the former trial, and he undertook on this trial to prove it by proving what Dargan swore on the former trial, by the witness McCullough. This evidence was competent for that purpose. 2 Best on Evidence, Sec. 496; *State v. Mc-Courry,* 128 N. C., 594. And where the party is near enough to hear, "it is almost a necessary inference that he did hear." And such evidence, while not conclusive, is proper to be left to the jury. *State v. McCourry, supra.*

The plaintiff, as further evidence of what Dargan swore on the former trial, offered in evidence the following statement of Dargan's testimony as contained in the statement of the case on appeal, made out by defendant's counsel and signed by the counsel for both plaintiff and defendant:

"R. L. Dargan, a witness for the plaintiff, testified as follows:

"I know the defendant, J. P. Kirven. He is indebted to the plaintiff in the sum of $2,298, and executed a lien on crop to secure it. Debt was contracted in 1898 for fertilizers. I know J. P. Kirven and E. E. Kirven. They are farmers in Darlington County, South Carolina, and own adjoining farms. J. P. Kirven is the much larger farmer. I had a conversation with J. P. Kirven on the road in Darlington, South Carolina, on the 25th or 26th of November. J. P. Kirven, E. E. Kirven and myself and Dr. J. M. Earl were present. We all got together on the road. I had already attached the funds in the hands of Alex. Sprunt & Son for 100 bales of cotton. J. P. Kirven asked me then in E. E. Kir-

ven's presence what I meant by attaching his cotton.   E. E. Kirven was there and could have heard this.   I asked, 'Is it your cotton?'   J. P. Kirven said, 'Most of it is, and I am almost willing to say it is all mine.'   E. E. Kirven was eight or nine feet distant in his buggy.   J. P. Kirven was out on the roadside.   He spoke very loud.   E. E. Kirven said nothing.   This is the only conversation I ever had when Dr. Earl and the two Kirvens were present."

This statement was objected to by defendants and ruled out by the Court.

The admissions of parties are competent evidence.   *Adams v. Utley*, 87 N. C., 356.   And the admissions of attorneys of record are also admissible.   1 Greenleaf on Evidence (16th Ed.), Sec. 186.   There was error in excluding this evidence.

We are of the opinion that there is error, as we have pointed out, for which there should be a new trial.

New trial.