### MEEKINS v. RAILROAD CO.

(Filed September 13, 1904).

HEARSAY EVIDENCE—*Declarations—Witnesses—Exceptions and Objections.*

Where incompetent evidence is admitted without objection, at a subsequent trial, the witness being dead, it is not competent to prove what witness testified at former trial if objected to.

ACTION by J. C. Meekins against the Norfolk and Southern Railroad Company, heard by *Judge W. A. Hoke* and a jury, at Spring Term, 1904, of the Superior Court of TYRRELL County. From a judgment for the plaintiff the defendant appealed.

*E. F. Aydlett,* for the plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

CLARK, C. J.   A witness on a former trial testified, among other matters, to hearsay—the unsworn declarations of the intestate as to the circumstances attending the injury— which, though incompetent, had been admitted on such trial because not objected to.   On this trial below, the witness having died, the plaintiff offered to prove such witness' testimony on the former trial.   The defendant objected to the admission of proof of that part of the testimony which was incompetent.   The Judge admitted the testimony and the defendant excepted.

If the witness were living the defendant would not have been estopped to object to the incompetent part of his testimony, because it had not been·objected to on the first trial. The same reason applies to proof of his testimony at the first trial, when, by reason of the witness' death, it is competent to put it in evidence.   *Garrett v. Weinburg,* 54 S. C., 127; 1 Rice Ev., 399.   In *Chemical Co. v. Kirven,* 130 N. C., 161, there was no objection on the ground of incompetency to any part of the evidence at the former trial. The declarations of the intestate in this case should have been preserved by a deposition *de bene esse.*

For the error in admitting, over the defendant's objection, the incompetent part of the testimony given in at the former trial there must be a

New Trial.