LIZZIE B. WELLS AND HUSBAND v. DEMPSON HARRELL
AND WIFE.

(Filed 23 March, 1910.)

1. Trespass—Dower—Report of Jury—Omitted Line—Correction by Court.

An action of trespass by the heirs at law upon the widow's dower interest in lands may not be successfully resisted upon the ground that the jury of view awarding the dower inadvertently omitted to copy in their report an outside line required to make the lines close and include the dwelling-house embraced within the dower, the court docket containing data to enable the court on inspection to correct and supply with certainty the omitted line; and in such case no proceedings to correct the docket is required.

2. Same—Mistake of Record—Secondary Evidence.

And it further appearing that the report fully described the dower, but had been lost, and the omission of the line was made in copying it upon the docket, the report is a part of the record, and secondary evidence of its contents is admissible.

APPEAL from *Ward, J.,* at the January (Special) Term, 1910, of PENDER.

Civil action to recover damages and restrain defendants from committing trespass, etc., on realty by cutting down timber, etc.

In response to issues submitted, the jury rendered the following verdict:

1. Is the plaintiff the owner of life estate, by reason of dower, in the estate of her former husband in the lands described in the complaint? Answer: Yes.

2. Have the defendants trespassed on same? Answer: Yes.

3. What damages is plaintiff entitled to recover? Answer: Five cents.

4. Have the plaintiffs trespassed upon and injured the inheritance in said land? Answer: No.

5. What damages are defendants entitled to recover therefor? Answer: Not any.

There was judgment on the verdict for plaintiffs, and defendants excepted and appealed.

*J. T. Bland* for plaintiffs.
*Stevens, Beasley & Weeks* for defendant.

HOKE, J. Recovery was resisted in this case by defendants, some of the heirs at law of the former husband, chiefly on the ground that in copying the report of the jury of view awarding the *feme* plaintiff dower, one line had been inadvertently omitted; but the position cannot avail the defendants. On the trial it was made to appear that the dividing line between the widow's dower and the remainder of the home tract was clearly defined and correctly copied, and that the line in question, the omitted line, was an outside line of the home tract, and that its presence was required to make the lines close and include the dwelling-house, etc., embraced within the dower; and it clearly appears on the face of the docket and description, as it stood when the suit was instituted, that its omission was by inadvertence or mistake, and the docket contains sufficient data to enable the court on inspection to correct and supply with certainty the omitted line. In such case no proceedings to correct the docket is required. *Credle v. Hayes,* 88 N. C., 321; *Mizzel v. Summons,* 79 N. C., 182; *Cooper v. White,* 46 N. C., 389; *Campbell v. Roe,* 9 N. C., 33.

Apart from this, it was alleged in the complaint and there was evidence offered on the trial to the effect that the report as made by the jury contained the line and correctly described the dower, and same was by inadvertence omitted in copying the report onto the docket. It was further made to appear that this report had been lost, and was so at the time of the trial. This being true, our decisions are to the effect that this report is a part of the record, and, being lost, that secondary evidence of its contents could be received and acted on. *Bonds v. Smith,* 106 N. C., 553; *Clifton v. Fort,* 98 N. C., 173.

The questions referred to, however, are hardly presented, for it was shown on the hearing that some time prior to the trial, on notice duly served, the *feme* plaintiff had moved for and obtained an order of the Clerk of the Superior Court of Pender County, having jurisdiction of dower proceedings, correcting the description on the docket by inserting the omitted line, so that at the time of trial had the docket did contain a full and correct description of the dower.

There has been no error committed which in any way prejudiced defendants, and the judgment in favor of plaintiffs must be affirmed.

No error.