M. E. HUGHES, Sr., v. D. T. PRITCHARD.

(Filed 14 September, 1910.)

1. **Homestead—Appraiser's Report—Lost Records—Oral Evidence.**
   A purchaser of lands at an execution sale from which defendant's homestead had been exempted and laid off, may show, after proving the loss of the original report of the appraisers, by oral evidence and by copy made thereof, the contents of the original report of the appraisers, which had been filed in the judgment roll, for the purpose of establishing the boundaries of the homestead and the proper location of a disputed line.

2. **Lost Deeds—Records—Oral Evidence—Interpretation of Statutes.**
   Revisal, chapter 11, is an enabling act, and does not exclude oral evidence, admissible at common law, to prove the contents of a lost deed or record.

3. **Homestead—Appraiser's Reports—Independent Action—Collateral Attack—Procedure—Motion.**
   The report of the appraisers in laying off a homestead cannot be collaterally attacked in an independent action to ascertain the boundaries, upon the ground that they did not sign the report in the presence of the sheriff. This is an irregularity which at most can only render the report voidable, and the remedy is by motion in the original proceedings to set it aside, after it has been filed in the Superior Court clerk's office.

APPEAL by defendant from *Ferguson, J.,* at the March Term, 1910, of CAMDEN.

*E. F. Aydlett, J. C. B. Ehringhaus* and *Pruden & Pruden* for plaintiff.
*W. A. Worth* and *H. S. Ward* for defendant.

WALKER, J. This is a proceeding which was instituted for the purpose of establishing the dividing line between a tract of land, alleged by the plaintiff to be the homestead of the defendant, and an adjoining tract, which was purchased by the plaintiff at a sale under an execution issued against the defendant. In his deed the sheriff conveyed to the plaintiff the tract of land upon which he had levied under the execution, but excepted therefrom the homestead of the defendant.

It appeared that the report of the appraisers, who set apart the homestead to the defendant, could not, after diligent search, be found in the clerk's office. There was evidence tending to show that an allotment of the homestead had been made by three appraisers, at the request of the sheriff, and that their report was prepared and signed by them. This report was seen in the clerk's office among the papers in the judgment roll of the case in which the execution had been issued. A copy of the report was made and, after proving the loss of the original report, the plaintiff proposed to prove, by oral evidence and by the copy, the contents of the original report, for the purpose of showing the boundaries of the homestead and the proper location of the disputed line.

This testimony was objected to by the defendant, but admitted by the court. It was clearly competent. The defendant's objection was based upon the ground that oral evidence cannot be received to prove the contents of a judicial record, unless in a proceeding brought to establish the lost or destroyed record, under chapter 11 of the Revisal, and that the record thus restored by proof and the judgment of the court, is the only evidence admissible to show the contents of the lost record. This is a misapprehension of the meaning and scope of that enactment. It is an enabling act and it was not intended to exclude oral evidence, which was admissible at common law to prove the contents of a lost instrument, whether a deed or the record of a court. This has been well settled by the decisions of this Court. *Mobley v. Watts,* 98 N. C., 284, and cases cited in the annotated edition; *Cox v. Lumber Co.,* 124 N. C., 80; *Aiken v. Lyon,* 127 N. C., 175; *Jones v. Ballou,* 139 N. C., 526; *Wells v. Harrel,* 152 N. C., 218. In this case the plaintiff did not depend altogether upon the memory of a witness, as to the contents of the report, but introduced an examined copy, or one which had been compared with the original and found to be correct. This is the principal exception of the defendant, and in passing upon it, we must sustain the ruling of the court below.

The failure of the appraisers to sign the report in the presence of the sheriff did not render it void, so that the defendant could impeach it in this collateral proceeding. It was, at most, an irregularity, and if compliance with the statute in this respect is so essential to the sufficiency of the report and the allotment of the homestead, as to constitute the omission to sign the report in the presence of the sheriff a valid objection to it, the remedy of the defendant was by a motion to set aside the report, after it had been filed in the office of the clerk of the Superior Court. *Oates v. Munday,* 127 N. C., 439; *Formeyduval v. Rockwell,* 117 N. C., 320; *Burton v. Spiers,* 87 N. C., 91. The other exceptions of the defendant are without merit, if they are not sufficiently considered and disposed of by what we have already said.

No error.