## STATE v. LUCILLE DeGRAFFENREID.

(Filed 13 October, 1943.)

**1. Evidence §§ 29, 33½—**

The accuracy and authenticity of the record not being questioned, a mimeographed transcript of the case on appeal in a criminal prosecution, as agreed to by counsel, where no countercase served and no exceptions filed, constitutes the case on appeal, and it is competent as evidence, on a subsequent trial of the same case, to impeach a witness who repudiates his former testimony. Conversely, it would have been competent to corroborate a witness.

**2. Trial §§ 19, 31: Criminal Law § 53e—**

The trial court shall not intimate or give an opinion to the jury whether a fact has been fully or sufficiently proved, this being the true province of the jury.

**3. Homicide §§ 27e, 28—**

In a homicide case a charge that, if the jury is satisfied that the killing was without malice but the prisoner fails to satisfy them that the killing was not unlawful, it would be their duty to return a verdict of manslaughter, is erroneous as presupposing an intentional killing with a deadly weapon. And a verdict of murder in the second degree will not cure the error.

**4. Homicide § 16—**

Upon admission or proof of an intentional killing of a human being with a deadly weapon, the law raises two presumptions against the slayer, first, that the killing was unlawful, and, second, that it was done with malice; and an unlawful killing with malice is murder in the second degree. But the jury alone may determine whether an intentional killing has been established, where no admission of the fact is made.

**5. Homicide § 27h—**

On the trial of a criminal prosecution, when under the indictment it is permissible to convict the defendant of "a less degree of the same crime" (C. S., 4640), and there is evidence tending to support the milder verdict, the defendant is entitled to have the different views presented to the jury under a proper charge, and an error in respect to the lesser offense is not cured by a verdict convicting defendant of a higher offense charged in the indictment.

**6. Homicide § 16—**

At the threshold of a criminal prosecution for homicide, the burden is on the State to establish the guilt of the accused beyond a reasonable doubt; hence, the intermediate steps necessary to invoke the aid of the legal presumptions of murder and manslaughter must first be taken by the prosecution.

APPEAL by defendant from *Williams, J.,* at July Term, 1943, of LEE.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Ollie Moore.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's Prison for not less than 16 nor more than 20 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*K. R. Hoyle for defendant.*

STACY, C. J. This is the same case that was before us at the Fall Term, 1942, reported in 222 N. C., 113, 22 S. E. (2d), 217, with full statement of the facts, to which reference may be had to avoid repetition.

On the present trial, as on the former, Thomas (Fat) McLean was a witness for the State. His testimony now is quite different from what it was then. It is much more damaging to the defendant and in many respects in conflict with what he said on the original hearing.

On cross-examination, he repudiated much of his testimony given on the former trial, and denied giving it. Whereupon the defendant "for the purpose of impeachment and contradiction of the State's witness, Thomas (Fat) McLean, offered his testimony at the former trial of this case, as contained in the mimeographed transcript of this case on appeal to the Supreme Court, Fall Term, 1942." Objection by the State; sustained; exception.

Presumably, the basis of the ruling was want of identity or proof of the record, but it is to be observed, according to the transcript, the defendant "offered his testimony at the former trial of this case," and its accuracy or the authenticity of the record seems not to have been mooted. At least, such is the impression gained from the agreed statement of case on appeal. Moreover, it appears from an examination of the mimeographed record offered by the defendant that the "statement of case on appeal," as therein contained, was signed by defendant's counsel; that service was accepted by the solicitor and no countercase was served or exception filed thereto, which thus constituted it the statement of case on appeal by operation of law, and that it purports to recite "all the evidence" in the case. It is a part of the record of this case on the former appeal, and is so certified by the clerk of Lee Superior Court, the trial court in both instances. 20 Am. Jur., 104. Its competency as evidence to impeach the witness is supported by what was said in *Blalock v. Whisnant,* 216 N. C., 417, 5 S. E. (2d), 130; *Chemical Co. v. Kirven,* 130 N. C., 161, 41 S. E., 1; *Aiken v. Lyon,* 127 N. C., 171, 37 S. E., 199; *S. v. Hunter,* 94 N. C., 829; *S. v. Voight,* 90 N. C., 741.

The defendant was within his rights in asking the witness if he did not testify to a different state of facts on the original hearing, and "his testimony at the former trial of this case" was competent as tending to impeach him. *S. v. McLeod,* 8 N. C., 344; *Bank v. Pack,* 178 N. C., 388, 100 S. E., 615; *Edwards v. Sullivan,* 30 N. C., 302. Conversely, it would have been competent as corroborative evidence to support the witness, if and when his credibility had been attacked. *S. v. Exum,* 138 N. C., 599, 50 S. E., 283; *S. v. Whitfield,* 92 N. C., 831. If competent for any purpose, or for the purpose offered, it was error to exclude it. *Allen v. Allen,* 213 N. C., 264, 195 S. E., 801. See *S. v. Kiziah,* 217 N. C., 399, 8 S. E. (2d), 474.

There is another exception, one to the charge, which deserves attention. As the court was concluding its instructions to the jury, the following expression was used:

"If you are satisfied from the evidence in this case that the killing of the deceased was without malice, but the prisoner has failed to satisfy you that the killing was not unlawful, it would be your duty to return a verdict of guilty of manslaughter."

Counsel for defendant insists that this instruction presupposes an intentional killing with a deadly weapon, whereas the jury alone on the evidence in the case was competent to make such determination. The point seems to be well taken. It is provided by C. S., 564, that the trial court shall not intimate or give an opinion to the jury whether a fact has been fully or sufficiently proved, this being the true office and province of the jury. *S. v. Oakley,* 210 N. C., 206, 186 S. E., 244; *S. v. Kline,* 190 N. C., 177, 129 S. E., 417. It is true, upon admission or proof of an intentional killing of a human being with a deadly weapon, the law raises two presumptions against the slayer, first, that the killing was unlawful, and, second, that it was done with malice; and an unlawful killing with malice is murder in the second degree. *S. v. Walker,* 193 N. C., 489, 137 S. E., 429; *S. v. Benson,* 183 N. C., 795, 111 S. E., 869. But the jury alone may determine whether an intentional killing has been established where no admission of the fact is made by the defendant as none was made here.

Nor would the fact that the jury returned a verdict of guilty of murder in the second degree cure the error, even though it went only to the charge of manslaughter. *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187. The rule is, that on the trial of a criminal prosecution, when under the indictment it is permissible to convict the defendant of "a less degree of the same crime" (C. S., 4640), and there is evidence tending to support the milder verdict, the defendant is entitled to have the different views presented to the jury, under a proper charge, and an error in respect of the lesser offense is not cured by a verdict convicting the defendant of a

higher offense charged in the bill of indictment, for in such case it cannot be known whether the jury would have convicted of a lesser degree of the same crime if the different views, arising on the evidence, had been correctly presented by the trial court. *S. v. Burnette,* 213 N. C., 153, 195 S. E., 356; *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501.

True it is, that upon the establishment or admission of an intentional killing of a human being with a deadly weapon, the law casts upon the defendant the burden of satisfying the jury that the killing was without malice if he would escape a conviction of murder in the second degree, and that it was justifiable if he would avoid a conviction of manslaughter. *S. v. Sheek,* 219 N. C., 811, 15 S. E. (2d), 282; *S. v. Prince, ante,* 392. But at the threshold of the case the burden is on the State to establish the guilt of the accused beyond a reasonable doubt. *S. v. Baker,* 222 N. C., 428, 23 S. E. (2d), 340; *S. v. Redman,* 217 N. C., 483, 8 S. E. (2d), 623. Hence, the intermediate steps necessary to invoke the aid of the legal presumptions above mentioned must first be taken by the prosecution. *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387.

It results from what is said above that the defendant is entitled to another hearing. It is so ordered.

New trial.