ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **EL PUEBLO DE PUERTO RICO**<br><br>Peticionario<br><br>v.<br><br>**BENJAMÍN SUÁREZ URBAN**<br><br>Recurrido | KLCE202201240 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Caso Núm.:<br>**ISCR201700390-392**<br><br>Sobre:<br>A93/Grado de Asesinato Primer Grado |
| **EL PUEBLO DE PUERTO RICO**<br><br>Peticionario<br><br>v.<br><br>**JUAN SEDA TROCHE**<br><br>Recurrido | | Caso Núm.:<br>**ISCR201700385-387**<br><br>Sobre:<br>A93/Grado de Asesinato Primer Grado |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2023.

Comparece ante este Tribunal la Oficina del Procurador General de Puerto Rico, en representación del Pueblo de Puerto Rico (parte peticionaria), y solicita que revoquemos los dos (2) pronunciamientos que emitió el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez, el 14 de septiembre de 2022, en los casos de epígrafe. Por medio de los dictámenes recurridos, el foro *a quo* declaró *ha lugar* las objeciones del testimonio de un testigo no disponible en el nuevo juicio de Benjamín Suárez Urban y Juan Seda Troche (recurridos).

Número Identificador
SEN2023 _____

Por las razones que expondremos a continuación, se expide el auto de *certiorari* solicitado y se revocan las resoluciones impugnadas.

I.

Por hechos acaecidos el 3 de febrero de 2017 se presentaron tres (3) denuncias contra Suárez Urban y otras tres (3) contra Seda Troche, por infracción a los Artículos 93 (Asesinato en Primer Grado) y 190 (Robo Agravado) del Código Penal de 2012[1] y al Art. 5.05 de la Ley Núm. 404-2000, según enmendada, mejor conocida como la Ley de Armas de Puerto Rico (Ley de Armas)[2]. Así las cosas, el Ministerio Público presentó las correspondientes acusaciones. Celebrado el juicio por Jurado, los recurridos fueron encontrados culpables en todos los delitos imputados. Luego de varios trámites, y de conformidad con lo resuelto por el Tribunal Supremo de los Estados Unidos en *Ramos v. Louisiana,* 590 US ___ (2020), un Panel Hermano de este Foro revocó la Sentencia dictada en los casos de los recurridos y devolvió las causas al TPI para la celebración de un nuevo juicio.[3]

Así las cosas, el 21 de julio de 2022, el Ministerio Público instó una *Moción Solicitando Sustitución de Testimonio bajo la Regla 806 de Evidencia.* En su comparecencia, expresó que advino en conocimiento del fallecimiento del testigo Irnaldo Valle Franqui. Por tanto, solicitó que se sustituyera el testimonio del señor Valle Franqui con la declaración vertida durante la celebración del juicio por jurado en el 2018, en el cual fue contrainterrogado por las respectivas representaciones legales de los recurridos. La defensa se opuso. El 8 de agosto de 2022, el Ministerio Público reiteró su petición sobre sustitución del testimonio, mediante la presentación

---

[1] 33 LPRA sec. 5142 y 33 LPRA sec. 5260.
[2] 25 LPRA sec. 458d.
[3] Véanse, KLAN201801316 y KLAN201900786.

de la grabación del Tribunal del 8 de mayo de 2018. Añadió que dicha grabación cumplía con todos los requisitos jurisprudenciales, máxime cuando el proceso a llevarse a cabo es un juicio por jurado contra las mismas partes. Expuso que el jurado que juzgaría a ambos acusados tenía que escuchar lo declarado por el testigo de su propia voz, de manera íntegra, sin ediciones, lo cual incluía escuchar las objeciones y argumentaciones que se hicieron en aquella ocasión. El Ministerio Público recalcó que esa era la única forma en la que el Jurado estaría en la mejor posición para analizar el testimonio y adjudicarle la credibilidad que entendiere, lo cual resultaba beneficioso para todas las partes. Resaltó que el testimonio del testigo no disponible fue uno corto, y que escasamente se realizaron cuatro (4) objeciones, dos (2) por la defensa y dos (2) por el Ministerio Público, lo que colocaba a las partes en igual de condiciones. Por último, arguyó que las argumentaciones se hicieron en el estrado, por lo que apenas se podían escuchar las mismas.

Los abogados de los acusados se opusieron a lo anterior. Alegaron que, del testimonio vertido por el señor Valle Franqui, surge que parte de este era prueba de referencia, y no fue objetado en el juicio original por la representación legal anterior de los acusados. Sostuvieron que la Regla 806 de Evidencia le otorgaba discreción al Tribunal para que utilizara el mecanismo que entendiera necesario para evitar que un jurado se pudiera contaminar de elementos extrínsecos al testimonio directo.

El 1 de septiembre de 2022 se celebró una vista con el propósito de evaluar qué partes de la grabación del testimonio del testigo no disponible, si alguna, no podían pasar al jurado. El TPI interesaba concretizar que en efecto no había ninguna pregunta, ni ninguna respuesta que hiciera alusión a los señores del jurado que evaluaron el testimonio en el juicio celebrado.

Justipreciadas ambas posturas, el 14 de septiembre de 2022, el TPI dictó las resoluciones bajo nuestra consideración.[4] Mediante estas, el foro primario determinó lo siguiente:

> ...el Tribunal entiende que, tratándose de un juicio por jurado, donde se pretende sustituir testimonio, el jurado no puede advenir en conocimiento de que hubo un juicio anterior. De otra parte, a[u]n cuando en nuestra jurisdicción, el asunto no ha sido resuelto, el Tribunal entiende que se trata de un juicio de *novo* y que son permisibles las objeciones que procedan en derecho en el nuevo juicio. Así se ha resuelto en otras jurisdicciones, *Pietre v. Colombia*, 29 S.C. 303 (1988), *Meekin v. Norfolk & S. Ry*, 136 N.C. 1 (1904).

El TPI autorizó el uso de la grabación en cuestión, no sin antes hacer una lista de las ediciones de aquellas partes que no deberán ser presentadas al jurado.

En desacuerdo, el Ministerio Público solicitó reconsideración, mediante la cual argumentó que la decisión del TPI favorecía únicamente a la defensa y lo colocaba en total desventaja.[5] Adujo que si se le permitía a la defensa formular objeciones a un testimonio que se presentará por grabación, el Ministerio Público no tendría oportunidad de rehabilitar al testigo. Particularizó que el jurado que juzgará a los acusados debía escuchar lo declarado por el testigo de manera íntegra y así estará en la mejor posición para analizar el testimonio y adjudicarle la credibilidad que entienda.

El TPI, luego de celebrar una vista y ponderar los argumentos traídos a su atención, denegó la petición de reconsideración del Ministerio Público, mediante *Resolución* emitida el 12 de octubre de 2022.[6] El foro primario concluyó que se trata de un nuevo juicio ante jurado, donde hace un balance entre el derecho a la sustitución de testimonio por la vía oral (por voz del testigo no disponible), las garantías de un nuevo juicio, justo e imparcial para los acusados,

---

[4] Apéndice del recurso, págs. 79-80, 81-82.
[5] *Íd.*, págs. 83-85, 86-88.
[6] *Íd.*, págs. 98, 100.

salvaguardando los derechos constitucionales y las Reglas de Evidencia de Puerto Rico.

Inconformes con el desenlace de la solicitud presentada, el Pueblo de Puerto Rico recurre ante nos en recurso de *certiorari* y plantea que el Tribunal cometió los siguientes errores:

> El Tribunal de Primera Instancia cometió un error de derecho al permitir que la defensa de los recurridos pudiera objetar parte del testimonio anterior del testigo Valle Franqui, quien falleció y no está disponible, a pesar de que en proceso anterior no levantaron esas objeciones.

> El Tribunal de Primera Instancia erró al eliminar del testimonio anterior del testigo no disponible, las partes que ahora objetaron los recurridos, a pesar de que en juicio anterior tuvieron la oportunidad de objetar y no lo hicieron.

Con el beneficio de la comparecencia de los recurridos, procedemos a resolver.

## II.

Tanto la Constitución de los Estados Unidos, como la de Puerto Rico consagran el derecho de todo acusado a "carearse con los testigos de cargo". *Pueblo v. Cruz Rosario*, 204 DPR 1040 (2020). La Cláusula de Confrontación recoge el principio fundamental de que se ponga al acusado en posición de poder enfrentar a sus acusadores. *Íd.*, pág. 1048, citando a *Pointer v. Texas*, 380 US 400, 405 (1965). Este principio está vinculado con el debido proceso de ley dado que los acusados deben tener la oportunidad para defenderse de las acusaciones del Estado. *Íd.*

El derecho a la confrontación tiene tres (3) vertientes procesales: (1) derecho al careo o confrontación cara a cara con los testigos adversos; (2) derecho a contrainterrogar, y (3) derecho a excluir la prueba de referencia que intente presentar el Ministerio Público. *Pueblo v. Cruz Rosario,* supra, citando a *Pueblo v. Pérez Santos*, 195 DPR 262, 269–270 (2016). En lo concerniente al recurso de autos, la tercera vertiente versa sobre declaraciones hechas fuera

del juicio que el Ministerio Público intenta presentar como evidencia sustantiva contra un acusado. Por virtud de la Cláusula de Confrontación se excluye cierta prueba de referencia que, de lo contrario, sería admisible bajo las Reglas de Evidencia.

La aludida Cláusula se activa ante dos tipos de declaraciones: (1) las que se hacen en el Juicio y (2) las hechas fuera del Juicio y que son de carácter testimonial.[7] En cuanto a la primera, esta garantiza al acusado que los testigos declaren frente a él y así tenga la oportunidad de realizar un interrogatorio efectivo. Por el contrario, en cuanto a las personas que no testifican en el Juicio y se presentan sus declaraciones testimoniales como prueba de cargo, la Cláusula de Confrontación le garantiza al acusado que estas serán excluidas si no cumplen con: (1) la no disponibilidad del declarante para testificar en el Juicio y (2) que previamente se hubiera tenido la oportunidad de contrainterrogarlo con relación a las declaraciones que se presentan como prueba. *Pueblo v. Cruz Rosario,* supra, pág. 1050.

De otro lado, es sabido que la prueba de referencia es definida como toda aquella declaración que no sea la que la persona declarante hace en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado. Regla 801(c) de las de Evidencia, 32 LPRA Ap. VI, R. 801(c). Como regla general, este tipo de evidencia es inadmisible en los procesos judiciales. Regla 804 de Evidencia, 32 LPRA Ap. VI, R. 804. Su exclusión se debe a la falta de oportunidad de la parte adversa en contrainterrogar al declarante, los riesgos que ella representa en cuanto a la narración del evento, percepción, recuerdo del acontecimiento y sinceridad del declarante. *Pueblo v. Santiago Colón,* 125 DPR 442, 446 y 449 (1990) (Sentencia,

---

[7] Una declaración "testimonial" es aquella que tiene como propósito primario crear un sustituto extrajudicial de lo que sería un testimonio en corte. *Pueblo v. Santos Santos,* 185 DPR 709, 723 (2012).

Opinión concurrente del Juez Negrón García); *Pueblo v. García Reyes,* 113 DPR 843, 853 (1983). En otras palabras, dicha prueba lesiona el derecho que tienen las partes a confrontarse con la evidencia que se presente en su contra. *P.N.P. v. Rodríguez Estrada, Pres. C.E.E.,* 123 DPR 1, 34-35 (1988). Cabe destacar que, si la parte adversa tiene o ha tenido la oportunidad de contrainterrogar al declarante, se disipan los inconvenientes que trae consigo la prueba de referencia y la declaración realizada debe admitirse en evidencia. *Pueblo v. Santiago Colón,* supra, pág. 449.

Ahora bien, existen excepciones a la regla de exclusión de prueba de referencia. Estas se codifican por las Reglas 805 a la 809 de Evidencia, 32 LPRA Ap. VI, R. 805-809. Claro está, si ninguna de las circunstancias taxativamente enumeradas en los preceptos antes citados se configura, el foro de instancia deberá descartar la evidencia ofrecida.

En lo pertinente, se encuentra la excepción de las declaraciones anteriores de un testigo no disponible. Véase, Regla 806 de Evidencia, 32 LPRA Ap. VI, R. 806. Dicho precepto establece:

> (a) Definición; no disponible como testigo.- Incluye situaciones en que la persona declarante:
> …
> (4) al momento del juicio o vista, ha fallecido o está imposibilitada de comparecer a testificar por razón de enfermedad o impedimento mental o físico, o
> …
> No se entenderá que una persona declarante está no disponible como testigo si ello ha sido motivado por la gestión o conducta de quien propone la declaración con el propósito de evitar que la persona declarante comparezca o testifique.
>
> (b) Cuando la persona declarante no está disponible como testigo, es admisible como excepción a la regla general de exclusión de prueba de referencia lo siguiente:
>
> (1) Testimonio anterior. - Testimonio dado como testigo en otra vista del mismo u otro procedimiento, en una deposición tomada conforme a Derecho durante el mismo u otro procedimiento. Ello si la parte contra quien se ofrece ahora el testimonio - o un predecesor en interés si se trata de una acción o procedimiento civil - tuvo la oportunidad y motivo similar para desarrollar el

testimonio en interrogatorio directo, contrainterrogatorio o en redirecto.

…

### III.

En su recurso, la parte peticionaria alega que el TPI erró al dictar los pronunciamientos objetados y solicita que, luego de revocarlos, ordenemos al Tribunal eliminar de la declaración del testigo no disponible únicamente las porciones en las que se hace referencia al juicio anterior de los recurridos. En esencia, arguye que, ni la Regla 806 (A)(4) y (B)(1), ni su jurisprudencia interpretativa reconocen a las partes la facultad de presentar objeciones sobre un testimonio anterior. Máxime, cuando se trata de un testigo no disponible por razón de muerte que estuvo sujeto a los exámenes de contrainterrogatorio correspondientes en presencia de los recurridos previamente. Además, sostiene que no procede la eliminación de las partes en las cuales se hace referencia a los *exhibits* del Ministerio Público, toda vez que cuenta con los testigos que identificarán y autenticarán dicha prueba.

Por otro lado, la posición de los recurridos es que este Foro debe sostener la decisión del TPI, pues, a su juicio, esta no estuvo basada en error manifiesto, ni abuso de discreción.

Ponderadas ambas posturas, así como el expediente del caso, colegimos que le asiste la razón a la parte peticionaria.

Del récord surge que el señor Valle Franqui no está disponible por razón de muerte. Su testimonio fue ofrecido en un juicio anterior, bajo juramento, por un motivo idéntico a las causas de los casos de epígrafe. Específicamente, el señor Valle Franqui estuvo sujeto a la intervención de tres (3) letrados que representaban a los recurridos, quienes efectuaron varios contrainterrogatorios. Así, somos del criterio que, mediante la presentación de la regrabación

del testimonio anterior del testigo no disponible, no se le quebranta a los recurridos su derecho a la confrontación.

Lo correcto es que se elimine de la declaración en controversia toda referencia que haga alusión al juicio anterior de los recurridos. Sin embargo, no procede permitir a la defensa presentar objeciones a un testimonio de un testigo no disponible, ni mucho menos editar y omitir partes de la regrabación que fueron objetadas.

De otra parte, la alegación relacionada a la representación legal anterior de los recurridos tampoco procede. El hecho de que el derecho criminal no era el área de *expertise* de los abogados que representaron a los recurridos en el primer juicio no implica que su derecho a la confrontación fuera violentado. Es claro que en el juicio anterior todos pudieron contrainterrogar al testigo que hoy no está disponible.

En vista de lo expuesto, erró el foro *a quo* al dictar las resoluciones impugnadas.

IV.

Por las consideraciones que anteceden, expedimos el auto de *certiorari* y revocamos los pronunciamientos recurridos. Se devuelve el caso al foro primario para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones