COATS, plaintiff in error, *v.* THE PEOPLE, defendant in error.

The relation between the keeper of a county poor house and the superin-
tendent who employs him, is of a public nature; and the former cannot
be deemed the agent or servant of a private person, within the statute
of embezzlement. (2 R. S., 678, § 59.)

Nor is such keeper the agent or servant of an incorporated company
within the same statute. Though the superintendents of the poor, or
the sole superintendent, be a corporation, they, or he, are not an incor-
porated company.

The statute, *it seems,* by incorporated companies intends those only which
are composed of individuals associated together for private purposes.

WRIT of error to the Supreme Court. The prisoner was
indicted in the Yates General Sessions, for the embezzlement
of beef, hams and other provisions in his charge as the agent
of one Clark, the sole superintendent of the poor of Yates
county. It was charged in the indictment, and proved on the
trial, that the prisoner was the keeper of the county poor
house under an appointment by Clark. The goods embezzled
were stated as the property of Clark.

The court charged the jury, that the superintendent of the
poor was an incorporated company within the meaning of the
statute, and that the defendant, as keeper of the poor house
under the appointment of the superintendent, was, within
the meaning of the statute, the agent of an incorporated com-
pany. The defendant took an exception. Having been con-
victed, he sued out a writ of error from the Supreme Court,
and the conviction having been affirmed at general term in the
seventh district, he brought error to this court.

*Delazon J. Sunderlin,* for the plaintiff in error.

*Henry M. Stewart,* for the defendants in error.

SELDEN, J. In the view I take of this case, it will be neces-
sary to consider one only, among the numerous points made
on the part of the plaintiff in error.

The indictment is founded upon the statute concerning embezzlement (2 R. S., 678, § 59), which reads as follows: "If any clerk or servant of any private person or of any copartnership (except apprentices and persons within the age of eighteen years), or of any officer, agent, clerk or servant of any incorporated company, shall embezzle, or convert to his own use, or take, make away with, or secrete, with intent to embezzle," &c.

It is not claimed on the part of the People, that the plaintiff in error could be considered as the clerk or servant of a private person, within the first clause of this statute. He was the keeper of the county poor house, of the county of Yates; employed by the superintendent of the poor of that county, pursuant to section 16, subdivision 3, of the act concerning the relief and support of indigent persons. (1 R. S., 617.) The superintendent, in employing a person as keeper, under this statute, and in directing and controlling the services of the person so employed, acts, of course, in no respect as a private individual, but solely in his official character. The whole relation between the superintendent and the keeper are of a public nature, and hence the latter can in no just sense be regarded, when acting in his capacity as keeper of the poor house, as the servant of a a private person. But the counsel for the People insists that the plaintiff in error was the agent or servant of an incorporated company, within the second clause of the section above cited; and it is under this clause of the statute that the indictment must be sustained, if it can be sustained at all. The same section of the statute which authorizes superintendents of the poor to employ a keeper of the county poor house, declares that such superintendents shall be a corporation. (1 R. S., 617, § 16.) The only question, therefore, upon this point, is, whether such a corporation is included in the phrase, "incorporated company," as used in the statute of embezzlement.

In considering this question, I give no weight to the fact that, as there was but one superintendent of the poor in the county of Yates, the corporation in this case was not a corpo-

ration aggregate, but a corporation sole. It is true, that a corporation sole could not come strictly within the terms used, which necessarily import a corporation composed of more than a single individual. Still, if such a corporation, in a county where there were two or more superintendents, could be properly brought within the language of the statute, then I should not hesitate to hold, that the corporation in this case, although composed of but a single superintendent, must be equally so. It is not necessary that the case should be brought within the strict letter of the statute, if it can be clearly shown to be within its scope and meaning. But my impression, after a careful examination of the subject, is, very decidedly, that the statute was never intended to embrace the agents or servants of any public body, either politic or corporate. This, I think, is plainly to be inferred from the language of the statute taken by itself, without reference to any extraneous considerations whatever. Why is the word "private" used in connection with the word "person" in the first clause? Of course, it must have been used for the purpose of limiting or narrowing the scope of the latter word. By referring to another section of the statute relating to the same general subject (2 R. S., 703, § 35), we see precisely what the effect of this word private, as here used, is.

That section provides, that the term "person," when used to designate the party whose property may be the subject of any offence, "shall *be construed* to include the United States, this state, or any other state, government, or country, which may lawfully own any property within this state, and all public and private corporations as well as individuals."

The word "private," in the clause under consideration, prevents these various bodies from being embraced within the meaning of the word "person" in that clause, and this, of course, was the object and intent of the legislature in using it. Its use, I think, affords a pretty sure index to the meaning of the legislature, and shows that neither public officers, nor the agents of public bodies of any sort, were intended to be embraced in the statute. It has a decided bearing upon the

construction to be put upon the subsequent phrase, "incorporated company." This phrase of itself would seem, in strictness, only applicable to corporations composed of individuals associated together for private purposes. But even if it might, under some circumstances, be held to include corporations of a purely public character, the legislative intent indicated by the use of the word private, in the previous sentence, points most decidedly, as I think, to the narrower interpretation.

This view derives much additional force from a comparison of our statute with the act of 39 George III (ch. 85), from which it was in some measure taken. The English statute provides, that "if any servant, clerk, or any person employed for the purpose or in the capacity of a servant or clerk, to any person or persons whomsoever, or to any body corporate or politic, shall, by virtue of such employment, receive or take into his possession any money, goods," &c. The substitution in our statute of the phrase "private person," for that of "any person or persons whomsoever," and of "incorporated company" for "*any* body corporate or politic," is very significant. It shows a marked and substantial departure from the policy of the English statute; such departure consisting in the careful exclusion from the operation of our statute, of the agents of all public persons whatsoever. As this conclusion is decisive of the case, it is unnecessary to refer to any other of the numerous points presented upon the argument.

WELLES, J., dissented; all the other judges concurring,

Judgment reversed, and prisoner discharged.