## J. E. COLE v. THE STATE.

### (*Nashville.* December Term, 1915.)

**EMBEZZLEMENT. Defenses. Statute. Return by sureties.**

Shannon's Code, section 6575, providing that, if the officer embezzling public funds shall account for all moneys received by him, he shall not be within the provisions of the preceding section, making embezzlement by public officers a felony, though it precludes a conviction where the proceeds were returned by the officer himself, does not prevent the conviction of an officer because the embezzled funds were repaid by the sureties on his official bond.

Acts cited and construed: Acts 1839-40, ch. 82.

Case cited and approved: State v. Batter, 89 Ohio St., 269.

Codes cited and construed: Secs. 6574, 6575 (S.).

---

FROM WAYNE

---

Error to Circuit Court of Wayne County.—W. B. TURNER, Judge.

FRANK BOYD and W. C. CHERRY, for plaintiff in error.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Plaintiff in error was convicted of the crime of embezzlement as a public officer, under the provisions of Code (Shannon) section 6574, and has appealed and assigned errors.

One of these assignments is that, since the record shows that the sureties on the official bond of Cole as county trustee paid the amount found to have been embezzled between the date of the indictment and the date of the trial in the court below, a conviction could not properly be had under the provision of section 6575 of Shannon's Compilation. That section, which was a part of the original act making embezzlement by public officers a crime, reads as follows:

"If such officer or person shall account for and pay over, according to law, all money, property, or other effects by him collected or received, he shall not be within the provisions of the preceding section."

This section for many years has been construed to provide that, if restitution were made by the embezzler of public funds, a conviction was thereby precluded. The two Code sections in relation to embezzlement were drawn from Acts 1839-40, chapter 82, and the provision for settlement by accounting for all money received was made a proviso of the preceding section, which prescribed the crime to be a felony. As applied to public officers, whose misuse or misapplication of public money or effects was alone being dealt

with in the original act, we think this construction warranted. The proviso, we may assume, grew out of the distressed condition of the commonwealth following the panic of 1837, and looked to the condoning of the offense of a public official who might make a restoration to the public treasury of funds that had been embezzled.

It has ever since remained on the statute books, though it appears to be the only affirmative statutory provision for defense, because of settlement, in all of the States of the Union. California and some of the other States have statutes providing that:

"The fact that the accused intended to restore the property embezzled, is no ground of defense or mitigation of punishment, if it has not been restored before an information has been laid before a magistrate, . . . charging the commission of the offense." Pen. Code Cal. section 512.

The theory of appellant is that, when the State or county is satisfied, the chief purpose of the statute is served, and it does not matter from whom the payment is received; and it is said in argument that some of the circuit and criminal judges have enforced this view from time to time.

We are of opinion, however, that the restoration must be made by the accused official personally, and that a settlement made by his sureties will not operate to bar punishment. The terms of the statute point to the "officer" as the one to make payment, and we are

not inclined to read into it by construction the meaning contended for by plaintiff in error.

It is the duty of the surety to promptly and voluntarily cover a shortage so produced; and, if he does so, it is unreasonable, we think, to hold the guilty official immune. If he is to be criminally absolved, it must be by his own act. When the burden is thus placed on him, there may be some sort of justification in morals for this provision as a relief from punishment. The punishment involved in the restitution of the funds embezzled is then visited on him. If the burden is borne by the surety, it is not to be tolerated that the delinquent be allowed to go hence, freed from a prosecution even at the instance of the deceived and wronged surety.

While embezzlement is not an offense at common law, but a crime of statutory creation, the statutes have been so drafted and construed elsewhere as that the payment of money in the way of settlement by the accused or his surety, or some one in his behalf, does not purge the offense of its criminal nature or excuse the accused from punishment. *State* v. *Baxter,* 89 Ohio St., 269, 104 N. E., 331, 52 L. R. A. (N. S.), 1019, and a full annotation of the authorities at page 1028; 15 Cyc., 507.

Our construction of the peculiar Code provision above quoted is as nearly in accord with this rule as it will admit of, in view of its long-time construction as applied to embezzling public officers.

Affirmed.