## W. G. WHISNANT *v.* THE STATE.*

### (*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. **CRIMINAL LAW. Making false entries in books of municipality by employee thereof.**

The making of false entries upon the books of a municipal corporation by an employee thereof, is not an offense under the laws of Tennessee. (Post, p. 78.) .

Citing: Thompson's-Shannon's Code, sections 6574-6577; Acts 1839-40, ch. 82; Acts 1832-44, ch. 190; Citing 143 Tenn., 463; Cale v. State, 134 Tenn., 645.

2. **SAME. Same.**

A municipal corporation is not an "incorporated Company" in the sense of embezzlement Statutes. (Post, p. 80.)

Citing: Kansas City v. Vinyard (Mo.), 30 S. W., 326; 20 C. J., 449; State v. Connelly, 104 N. C., 794; State v. Taylor, 7 S. D. 533; State v. People, 22 N. Y., 245; Compton v. State, 102 Ark., 213; State v. Bancroft, 22 Kan., 170.

Distinguishing: State v. Denton, 74 Md., 517; State v. Smith, 13 Kan., 274.

Citing: Code, Thompson's-Shannon's, sections 6577-6576; Code, 1858, sections 4708, 4709.

---

*Headnotes 1. Criminal Law, 16 C. J., section 955; 2. Embezzlement, 20 C. J., section 2; 3. Company, 12 C. J., p. 221; Embezzlement, 20 C. J., section 41.

---

*Embezzlement defined, see 9 R. C. L.,.1264; 2 R. C. L., Supp. 957; 5 R. C. L. Supp. 646; 6 R. C. L. Supp. 594.

---

### FROM WASHINGTON.

---

Appeal in error from the Criminal Court of Washingtor County.—HON. GUY S. CHASE, Judge.

LEE F. MILLER and EPPS & EPPS, for plaintiff in error.

C. L. CORNELIUS, Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Johnson City operated a waterworks system and the plaintiff in error was employed by the municipality in the prosecution of this enterprise. He was indicted for making false entries upon the books of the Water Department of the City, and convicted upon this charge. He has appealed in error to this court.

A motion to quash the indictment herein was seasonably made below upon the ground that the making of false entries upon the books of a municipal corporation by an employee thereof was not an offense under the laws of Tennessee. This motion was overruled. It should have been sustained.

Relevant Statutes as they appear in Thompson's-Shannon's Code are as follows:

"6574. If any person within this State charged with the collection, safe-keeping, transfer, or disbursement of money or property belonging to the State or any county, use any part of said money or property by loan, investment, or otherwise, without authority of law, or convert any part thereof to his own use in any way whatever, he is guilty of embezzlement, and for every such act, upon conviction, shall be imprisoned in the penitentiary not less than five nor exceeding twenty years, and fined in a sum equal to the money embezzled, to be applied in satisfaction thereof."

"6575. If such officer or person shall account for and pay over, according to law, all money, property, or other effects by him collected or received, he shall not be within the provisions of the preceding section."

"6576. Any officer, agent, or clerk of any incorporated company, or any clerk or agent of a co-partnership or private person, except apprentices and other persons under the age of eighteen years, who embezzles or fraudulently converts to his own use any money or property of any other, which has come to his possession, or is under his care by virtue of such employment, shall, on conviction, be punished by confinement in the penitentiary not less than five nor more than twenty years."

"6577. If any of the persons mentioned in the last section shall make false entries in his own books, or the books of his employer, or upon the books of any depositor or customer, with intent to defraud his employer, or any person whomsoever, every such offender is guilty of a felony, and, upon conviction, shall be imprisoned in the penitentiary not less than five nor more than twenty years."

Sections 6574 and 6575 deal with embezzlement by public officers, agents or employees. They were taken from chapter 82 of the Acts of 1839-40. Section 6576 deals with embezzlement by officers, agents or employees of individuals, partnerships and private corporations. Section 6577 deals with false entries by such latter officers, agents and employees. These Sections were taken from chapter 190 of the Acts of 1843-44.

These two Acts of the Legislature, codified as indicated above, relate to distinct classes of persons. The exception contained in section 6575 whereby public officers,

agents or employees may be relieved of prosecution by repaying the sum embezzeled does not operate in favor of officers, agents or employees of individuals, partnerships or private corporations. *State* v. *Matthews,* 143 Tenn., 463; *Cole* v. *State,* 134 Tenn., 645.

It appears from the indictment herein that Johnson City is a municipal corporation organized under the laws of Tennessee, and this we may judicially know. Johnson City is also referred to in the indictment as an "incorporated company" in an effort to bring the offense charged within section 6577. Unless Johnson City, however, is an "incorporated company" in the sense of our Statutes, such descriptive words are without effect.

Embezzlement is not an offense at common law. *Cole* v. *State,* supra. Neither is the making of false entries by an officer, agent or employee on the books of his principal, so far as we know, an offense at common law.

It will be observed that section 6577 denounces the making of false entries by "any of the persons mentioned in the last section." That is, by "any officer, agent or clerk of any incorporated company, or any clerk or agent of a co-partnership or private person"—these being the persons mentioned in the last section, 6576. Sections 6576 and 6577, Thompson's-Shannon's Code appear in the same consecutive order as section 4708 and 4709 of the Code of 1858.

Making of false entries by persons "charged with the collection, safe keeping, etc.," of public money—the persons mentioned in section 6574, Thompson's-Shannon's Code—is not covered by any Statute of which we are aware.

Unless, therefore, Johnson City can be regarded as an "incorporated company" under sections 6576-6577, the plaintiff in error is charged with no offense known to our laws.

. To say that a municipal corporation is an "incorporated company" within the purview of these Statutes would be a strained, not to say startling, construction thereof, and would be out of line with all the decided cases.

"Public officers are not embraced in a Statute relating to embezzlement by officers and agents of corporations, nor does the term incorporated company embrace agents or servants of public bodies, either politic or corporate, although there are authorities holding that the employee of a public body may be liable for embezzlement as an employee of a corporation." 20 C. J., 449.

In *State* v. *Connelly,* 104 N. C., 794, it was held that clerks of courts were not amenable to prosecution under a Statute with respect to embezzlement by employees and agents of corporations. Under a similar Statute it was held in *State* v. *Taylor,* 7 S. D., 533, that a State Treasurer was not an employee or agent of a corporation.

In *State* v. *Denton,* 74 Md., 517, it was held that the clerk of the County Commissioners was an employee of a corporation, the County Commissioners being declared by Statute to be a corporation. So in *State* v. *Smith,* 13 Kan., 274, it was held that a County Treasurer was an officer of a corporation.

In *State* v. *People,* 22 N. Y., 245, *Compton* v. *State,* 102 Ark., 213, and *State* v. *Bancroft,* 22 Kan., 170, considering Statutes against embezzlement by officers and agents of an "incorporated company," or "incorporation," in each of these cases, it was held that public officers, State

154 Tenn.—6.

and county, were not officers or agents of an "incorporated company," or "incorporation." In *State* v. *People,* supra, the New York court said that although under the Statues of that State, the Superintendent of the Poor of a particular county was a corporation, he was not an incorporated company, and an employee of the Superintendent was not an employee of such a company. The court was of opinion that the phrase "incorporated company" was only applicable "to corporations composed of individuals associated together for private purposes."

In a case involving the mode of procedure to be followed by a municipal corporation exercising the right of eminent domain, it was necessary to determine whether such a corporation fell under a Statute regulating such procedure by incorporated companies. The court said:

"While an incorporated town or city is a corporation, we do not think it a company in any sense. The term 'incorporated company' is defined as 'a corporation formed for the purpose of carrying on a business for profit.' Rap. & L. Law Dict. Webster gives one definition of the word 'company.' 'A number of persons united for the same purpose, or in joint concern; as a company of merchants. The word is applicable to private partnerships, or incorporated bodies of men; hence it may signify a firm, or house, or partnership; or a corporation, as the East India Company.' " Kansas City v. Vineyard (Mo.), 30 S. W., 326.

We are satisfied that the result reached in the cases just referred to was correct; that a municipal corporation is not an incorporated company in the sense of embezzlement Statutes, and that the indictment herein has nothing upon which to rest. The judgment below must accordingly be reversed and the indictment quashed.