STATE v. W. A. VOIGHT.

*Liquor Selling—Evidence—Introduction of Original Records— Criminal Intent.*

1. A license to retail liquor can issue only upon the application of the party to the board of county commissioners for an order directing the sheriff to grant the same. Permission given by the sheriff to retail without such order previously made, is in violation of the law and does not protect the seller from prosecution.

2. An order granting license may be revoked at the same session of the board.

3. Evidence of the understanding of a witness as to the meaning and import of orders and decrees is not admissible. They are ascertained by the terms in which the orders are drawn.

4. The contents of a public record may be proved in any court by the original record itself. The rule allowing a properly certified copy of such record to be admitted in evidence is grounded on the inconvenience of obtaining the original.

5. The criminal intent is involved in the intent to do the act which the law pronounces criminal.

(*Scott* v. *Green*, 89 N. C., 278; *State* v. *Moore*, 1 Jones, 276; *State* v. *King*, 86 N. C., 603: *Cheatham* v. *Hawkins*, 80 N. C., 161; *Ward* v. *Saunders*, 6 Ired., 382; *State* v. *Collins*, 3 Dev., 117; *State* v. *Reid*, 1 Dev. & Bat., 377; cited and approved).

INDICTMENT for retailing without license, tried at Fall Term,. 1883, of CAMDEN Superior Court, before *Avery, J.*

Verdict of guilty; judgment; appeal by the defendant.

*Attorney-General,* for the State.
*Messrs. Grandy & Aydlett,* for defendant.

SMITH, C. J.   The charge against the defendant, of which he. was found guilty, is for retailing spirituous liquors without license by the small measure, in the first count, less than a quart, in the second, less than a gallon, to the same person.

Upon the trial, after proof of the selling in the month of February, 1883, as charged, the defendant offered in evidence, as. a license authorizing the act, the following writing:

"CAMDEN COUNTY, N. C., Dec. 4th, 1882.

Received of W. A. Voight one hundred dollars and seventy— five cents, in payment of retail liquor license to carry on the trade or profession of retail liquors until the 4th day of December, 1883.

| Register's fee, 50 cents. | Sheriff's fee, 75 cents.. |
| D. M. SPENCE, | M. N. SAWYER, |
| Register of deeds. | Sheriff." |

To rebut this evidence, the solicitor proposed, and after objection was allowed to show by the sheriff that the license was in fact issued the last of January, 1883, but was dated as of December 4, 1882, and so drawn as to cover the intervening space, because the defendant had requested him to apply at the December session of the board of county commissioners for permission to retail, and the witness, after speaking to one of them on the subject, directed the defendant to sell and he would apply for the order at the January session.

The state further offered in evidence the original book of entries of orders of the board, proving the fact of their being such by a member of the board who two years before had been clerk, and had himself, as such, made therein entries of the action.

of that body. The proof of authenticity was received as sufficient, and the book admitted in evidence, to both of which rulings the defendant excepted.

The following entries, bearing date January 1st, 1883, appear therein:

"Ordered by the board that retail liquor license be granted to W. A. Voight to carry on a business at Hastings' corner for twelve months, to take effect Dec. 4, 1882."

"Ordered by the board that the retail license granted to W. A. Voight to do business at Hastings' corner be revoked."

The sheriff further testified, on being recalled, that the defendant was present at the making of both orders, and that, with the defendant's knowledge, the license was issued subsequent to the action of the board.

Upon cross-examination, the witness stated his understanding of the object of the first order passed by the board to be, and it was put in a form for, the protection of the defendant in any sales he may have made during the interval between the two sessions.

The defendant proposed, but was not allowed to enquire of the witness whether he considered himself directed by the board to issue the license, and again whether the board did not intend by the second order to revoke the first and prevent the sheriff from issuing the license.

The defendant asked that the following instructions be given to the jury:

1. The license was valid, and protected the defendant in the sale thereafter.

2. If the defendant did not intend to evade the law, or believed he had the right to sell he would not be guilty.

The court charged that if the jury were fully satisfied that the license was issued after January 1, 1883, and defendant knew it was subsequent to the revoking order, and thereafter sold the liquor as charged by measure less than a quart, they should convict, notwithstanding at the time of the act he had possession of the license.

The jury found the defendant guilty and from the judgment rendered he appeals to this court.

We approve of all the rulings of the court to which the record shows exceptions to have been taken during the trial, and in our opinion they furnish no legal grounds for complaint to the defendant.

1. The court very properly refused to receive evidence of the witness' understanding of the import of the orders, and whether he did not regard them as authorizing the issue of the license. The force and legal effect of the action of the board in passing the successive orders must be ascertained from the terms of the orders, and not the inconsistent and erroneous impressions made upon the mind of the witness by extraneous attending circumstances. The meaning of the board must be derived from the orders themselves and upon a fair interpretation of the language in which it is expressed. It is manifest from inspection that the last revokes and annuls the first, and this the board was clearly competent to do at the same sitting, if not after an adjournment. *State* v. *Green*, 89 N. C., 278.

2. The case was fairly put to the jury and the instructions asked were properly withheld.

The license was unauthorized, for it could only issue upon the application of the defendant to the board for an order directing the sheriff to grant the license. His act without this sanction could not confer a legal right to retail or protect the defendant in the act of violating the law. The issue of the license by the officer may involve him in criminal responsibility for the illegal selling, but does not excuse the defendant. *State* v. *Moore*, 1 Jones, 276.

Nor is it a defence to a criminal accusation that the defendant did not intend to violate or evade the law, or supposed he had a right to sell, when he intended to do and did do the criminal and forbidden act. The criminal intent is inseparably involved in the intent to do the act which the law pronounces criminal. It is needless to elaborate the point since the recent case o

*State* v. *King*, 86 N. C., 603; see also *Cheatham* v. *Hawkins*, 80 N. C., 161.

The last and only serious question, in whose solution we have had some hesitancy, relates to the admission of the original book in which are recorded the orders and proceedings of the board, instead of certified copies as authorized by section 715 of THE CODE.

This doubt arises out of the ruling in *Ward* v. *Saunders*, 6 Ired., 382, delivering the opinion in which case, RUFFIN, C. J., says in reference to the introduction of the original record in evidence: "Where the evidence is offered in the same court in which the proceedings were had, no difficulty can occur; because the court knows its own proceedings and records and can *instanter* order the enrollment and give the parties the benefit of it, in its complete state. Where the proceedings are in one court, and they are offered in evidence in another, regularly the original documents or minutes, which may need evidence to identify them, are not evidence, but only *the record made up, or a copy from it authenticated by the seal of the court.*"

So it is said by Mr. GREENLEAF: "As to the proof of records, this is done by the *mere production of the records*, without more, or by a copy." * * * "Where a record is the gist of the issue, if it is not in the same court, it should be proved by an exemplication." 1 Greenl. Evi., §501.

In the next section he adds: "The record itself is produced only when the cause is in the same court, whose record it is, or where it is the subject of proceedings in a superior court."

It will be observed that neither of these extracts deny the competency of the original record when a copy would be admissible, if the authenticity is fully established; and if it can be produced it is difficult to understand why a copy should be received, and not the original, as evidence. The inconvenience of obtaining the original induces the necessity of admitting the copy, not only under the certificate of the clerk or custodian, but as examined and its correctness verified by oral testimony. *Ib.*, §508.

The very objection now relied on was made in the case of *Gray* v. *Davis*, 27 Conn., 447, and overruled, the court remarking: "The object being to lay before the triers the real contents of the record, it would be absurd to hold that the best possible evidence, when adduced, should be excluded because inferior evidence by copy would be admissible." Referring to the same clause we have quoted from Mr. Greenleaf, the opinion proceeds with this comment: "But he (the author) does not say, and it is obvious he does not mean, that the contents of a record cannot in any court be proved by the original record itself, if it can be produced, but only to state the manner in which proof may be and usually is made." See also 2 Taylor Evi., §1393.

So this court has declared where conflicting transcripts are sent up to this court the clerk may be compelled to bring up the original record for the inspection of the court. *State* v. *Collins*, 3 Dev., 117 ; *State* v. *Reid*, 1 Dev. & Bat., 377.

But assuming the rule to be that when the evidence contained in the proceedings had in one court of record is required in the progress of a cause depending in another, it does not extend to proceedings had in an inferior tribunal. In such case the original is not excluded.

The same author declares in section 513: "The judgments of inferior courts," and to this class belongs the board of county commissioners in the exercise of judicial functions, "are usually proved by producing from the proper custody the book containing the proceedings."

While therefore a certified copy of the orders under the statute were admissible, the original orders were themselves competent, the authenticity of the book in which they were entered having been adjudged by the court.

There is no error. This will be certified to the end that the court below proceed to judgment according to the verdict.

No error.                                 Affirmed.