STATE on the relation of THE CAROLINA IRON COMPANY v. W. C. ABERNATHY, Sheriff, et als.

*Corporation—Evidence—Records.*

1. While regularly authenticated copies of records, and entries in the nature of records, should be used as evidence, yet the records themselves are also competent.

2. The original record of incorporation, made by the Clerk, in pursuance of the provisions of ch. 16 of The Code, in the book kept in his office for that purpose, is admissible in evidence to prove the fact of incorporation. The letters of incorporation are evidence, but not the only evidence, to prove that fact.

(*Haskins* v. *Miller*, 2 Dev., 360 ; *State* v. *Voight*, 90 N. C., 741 ; *State* v. *Hunter*, at this Term, cited and approved).

35

CIVIL ACTION, tried before *Philips, Judge,* and a jury, at Spring Term, 1885, of the Superior Court of GASTON county.

This action is brought for an alleged breach of the official bond of the defendant sheriff. It is alleged in the complaint, and denied in the answer, that the relator was and is a corporation, duly created and organized under the laws of this State, authorizing the creation of corporations for specified purposes.

On the trial, the relator " offered, in evidence of its incorporation, a book kept by the Clerk of the Superior Court of Gaston county, entitled "Record of Incorporations," and offered to show by the Clerk, the record in said book, of the incorporation of the relator of the plaintiff, under the general law for forming corporations as set out in The Code, ch. 16, §677, *et seq.*"

This evidence was objected to by the defendant, as being inadmissible and incompetent, upon the ground that the letters of incorporation themselves, or a certified copy thereof, was the best evidence competent and admissible to prove incorporation under the general law, contained in chapter sixteen of The Code. This objection was sustained and the evidence excluded."

The relator, in deference to the ruling of the Court, submitted to a judgment of non-suit and appealed to this Court.

*Mr. R. W. Sandifer,* for the plaintiff.
*Mr. W. P. Bynum,* for the defendant.

MERRIMON, J., (after stating the facts). The statute, (The Code, §677,) prescribes how certain business and other corporations may be created, where three or more persons shall execute articles of agreement, under their hands and seals, for the purpose prescribed, and §678, requires that such articles of agreement shall be recorded by the Clerk of the Superior Court, in a book to be kept for that purpose in his office, and marked "Record of Incorporations." Section 679 provides, that after such articles shall have been recorded, "the Clerk, under the seal of the Superior Court, shall issue letters, declaring said persons and their successors, to

be, and thenceforth they shall be, a corporation, for the purpose and according to the terms prescribed in said articles," &c., and §682, provides, that " all such letters, issued under the authority of this chapter, (The Code, ch. 16,) and copies thereof, certified by the Clerk of the Superior Court of the county where the same are recorded, shall in all cases be admissible in evidence, and the letters aforesaid, shall in all judicial proceedings, be deemed *prima faciæ* evidence of the complete organization and incorporation of the company purporting thereby to have been established."

The letters thus made evidence, are in substance and effect, the articles of agreement recorded, accompanied by the appropriate certificate of the Clerk, verified by the seal of the Superior Court. Therefore, when the letters, or a duly certified copy thereof, are not offered on the trial of an action, but the "Record of Incorporations," containing the record of such formal letters issued, is present, the latter, as to the letters, is competent as evidence, just as the letters issued, or a properly certified copy thereof, would be if introduced. The execution of the articles of agreement, the recording of the same, and the issue of the letters declaring the corporators a body corporate, are the things essential to the creation of the corporation. The statute makes these recorded things, embodied in the form of letters, under the seal of the Court, or an authenticated copy thereof, *prima faciæ* evidence of the complete organization of the corporation. Surely, the record or entry itself, is as certain and effective as a copy of it. Indeed, the record itself, and the fact that a copy of it issued, constitute the substance and life of the letters, and when the statute provides that these shall be such *prima faciæ* evidence, it implies that the record itself shall be. When these essential things appear, that is sufficient, whether they appear in the book of records duly identified, or in a certified form.

In a somewhat analogus case, this Court held that "letters of administration do not contain matter distinct from the record. They are a mere copy of it, with the addition only of a certificate that they are a copy, verified by the seal of the Court."

*Haskins* v. *Miller*, 2 Dev., 360. In that case, the plaintiff insisted that the letters of administrations should be produced, but the Superior Court decided otherwise, and allowed the minute record of the County Court, showing the appointment of the administrator, to be put in evidence to prove his appointment, qualification and authority, and this was held to be sufficient, without producing the formal letters issued.

While generally and regularly, authenticated copies of records, and entries in the nature of records, should be used as evidence instead of the records themselves, it is settled that the records are competent and are the better evidence when pertinent. *State* v. *Voight*, 90 N. C., 741 ; *State* v. *Hunter*, decided at this term.

We are therefore of opinion, that the Court should have received the "Record of Incorporation," rejected, and it appearing from the same, that the record in question was sufficient for the purpose contemplated by it, and from it, or by other competent evidence, that a formal copy of it had been issued, that this constitutes *prima facie* evidence of the complete incorporation and organization of the corporation.

There is error. Let this opinion be certified to the Superior Court, to the end that further steps may be taken in the action according to law. *It is so ordered.*

Error.                                                                     Reversed.