MARSHALL & BRUCE v. THE MACON COUNTY SAVINGS BANK.

*Evidence—Letters of Incorporation—Proof of the Existence of a Corporation — Measure of Damages—Contract.*

1. Copies of letters of incorporation are admissable to show *prima facie* the existence of a corporation, and it cannot avoid its liability for debts because in fact it had but an inchoate existence.

2. When articles of value were prepared by plaintiffs according to the direction of such corporation, and before the order was countermanded, they are entitled to recover the damages sustained on account of defendant's refusal to receive them.

3. The measure of damages is the difference between the contract price and their present value, and if of no value to anyone but the defendant then the measure is the contract price.

This was a CIVIL ACTION, tried at Spring Term, 1887, of MACON Superior Court, before *Merrimon, J.*

This action was brought in the Court of a Justice of the Peace to recover from the defendant the price of a "ledger, index, check-books and other stationery," which the plaintiffs allege they prepared at the request of the defendant, and which it afterwards, without cause, refused to accept, and refused to pay for the same; that the articles so prepared were of no value to the plaintiffs or other person than the defendant, etc. The pleading raised issues of fact.

On the trial in the Superior Court, the defendant requested the Court to instruct the jury—

"1. That the plaintiffs cannot recover of the defendant, for the reason that the goods were never delivered to the defendant.

"2. The defendant is not a corporation, for the reason that at the time the goods were ordered was within a few days after the defendant undertook to be incorporated, and that the notice countermanding the same was before the expiration of thirty days, the time required by law for the publi-

cation to be made before the defendant was a corporation in law.

· "3. That the defendant was not a corporation in law, and, therefore, could not be sued, although it might be an inchoate corporation.

"4. That if a corporation, or an inchoate one, in the absence of evidence of the use of the functions conferred by law, that it would not be, in law, a corporation.

"5. That as the articles of agreement provide that none of the stockholders are responsible or liable for any debt except the subscription to the capital stock, that the defendant, or any other stockholder, would not be liable for the goods sued on by the plaintiff, the evidence being that the defendant has no assets or property of any kind whatsoever in its corporate capacity, nor ever had any.

"6. That if the jury believes that one Danford entered into and confederated with the plaintiffs to defraud the defendants, that the plaintiffs could not recover in this action; and as a badge of fraud that there is no evidence that the plaintiffs ever made any inquiries as to the existence of the defendant as a corporation, nor whether the defendant had assets or property, or as to the liabilites of the alleged stockholders in said corporation, if in law the defendant was a corporation."

· The Court refused to give the instruction as asked for, but instructed the jury, after reciting the testimony, that the copy of letters of incorporation put in evidence by the plaintiff was *prima facie* evidence of the complete organization and incorporation of the defendant company, and that there was no evidence to rebut this *prima facie* case.

That if the defendant ordered the goods from the plaintiffs, as testified by W. R. Johnson, and the plaintiffs under such order prepared the goods for the defendant according to the terms of such order, and the order was countermanded after the goods were prepared, and the defendant refused to

receive and pay for the same, then the plaintiff would be entitled to recover of the defendant the sum of damages they sustained by reason of defendant refusing to receive and pay for said goods.

The measure of damages would be the difference between the contract price, which is the reasonable worth of the goods, and their present value.

If the goods in their present condition are worthless to the plaintiffs, and are of no value to anyone except the defendant, then the plaintiff's damage would be the contract price for the goods. If the jury should find that said goods are of some value in their present condition, they should substract their value from the contract price of the same.

That it devolves upon the plaintiffs to make out their case by a preponderance of evidence.

There was a verdict and judgment for the plaintiffs. Defendant appealed.

No counsel for plaintiff.

*Messrs. K. Elias* and *T. F. Davidson*, for defendant.

MERRIMON, C. J.: The statute (Acts 1887, ch. 412) authorizes the incorporation of "Savings Banks in the manner already provided for the formation of other corporations," etc. The general statute (*The Code*, §§ 677, 682) prescribes how corporations, with certain specified exceptions, may be formed, and it is, among other things, expressly provided that copies of the letters of incorporation, "certified by the Clerk of the Superior Court of the county where the same are recorded, shall, in all cases, be admissible in evidence, and the letters aforesaid shall, in all judicial proceedings, be deemed *prima facie* evidence of the complete organization and incorporation of the company purporting thereby to have been established." The statute thus makes the letters *prima*

*facie* evidence of the incorporation of the company and its organization; and also a certified copy of the letters·as recorded likewise evidence in all cases. *Iron Co.* v. *Abernathy*, 94 N. C., 545. The Court therefore properly received in evi· dence the certified copy of the letters of incorporation, and instructed the jury that the same was *prima facie* evidence of the incorporation and organization of the defendant.

There was evidence that warranted the instructions given the jury and the defendant could not complain of them. The defendant ordered the goods and they were prepared as directed, and thus, in'their nature, were useful only for its purposes. It could not, after they were so prepared, without any lawful excuse, be allowed to refuse to receive them. And no such excuse was shown. The evidence went to prove that the defendant ordered the goods; that they were manufactured as directed; that they could be useful only to the defendant. There was no evidence of fraud, so far as appears, as suggested by the instructions asked for by the defendant.

Judgment affirmed.