CHARLES S. RILEY & CO. v. CARTER & PRATT.

(Filed 15 April, 1914.)

1. Mortgages—Deeds of Trust—After Acquired Property.

A purchaser at a foreclosure sale under a deed of trust made by a lumber company required by the terms of the instrument to be kept in operation and embracing after acquired property

for the period of three years, whether the trustees were in pos-
session or not, gets a good title to timber which had been pur-
chased by the trustor within the period prescribed.

2. Trials—Evidence—Records—Certified Copies—Originals.

Original records are admissible in evidence, though, in certain
instances, certified copies thereof are also admissible; and in
this case it is held that the admission of the original was com-
petent to show that a commissioner therein named had knowl-
edge of his conveyance of certain timber to another when he
later attempted to acquire title thereto for himself.

3. Trials—Evidence—Void Deeds—Color of Title—Common Sense.

A void deed is color of title for the purpose of showing that
the parties litigant in an action involving ownership of timber
claimed it from a common source.

4. Appeal and Error—Harmless Error.

It is held in this case, involving the title to certain standing
timber, that the unnecessary admission of certain records in evi-
dence, upon the question of title to the lands, was harmless error.

5. Deeds and Conveyances—Timber Deeds—Trials—Evidence—Non-
   suit—Statutes—Contracts.

Where the plaintiff in an action involving the title to standing
timber has introduced evidence to show title from a common
source with the defendant, a motion for judgment as of nonsuit
upon the evidence cannot be allowed; and the statute protects
the rights of both parties until the final termination of the
action, and prohibits the cutting of the trees by either of them
until then. Revisal, sec. 808.

6. Trials—Courts—Evidence—Verdict, Directing.

Where there is no conflict in the evidence in a civil action, or
the facts are virtually admitted, the court may direct a verdict
as a matter of law.

7. Deeds and Conveyances — Mortgages — Deeds in Trust—Recita-
   tions—Decrees—Evidence—Registration—Notice.

Commissioners appointed by the court to sell lands under a
deed of trust are officers of the court, and their recitation in the
deed of conveyances of decrees of the court respecting the sale
are *prima facie* evidence of the correctness of such statements,
and affect subsequent purchasers with notice, though the decrees
may not be registered. It is otherwise when the order or judg-
ment of the court creates the lien.

APPEAL by defendants from *Rountree, J.,* at September Term, 1913, of PENDER.

*Bland & Bland, Herbert McClammy, and John D. Bellamy & Son for plaintiffs.*
*E. K. Bryan and R.ˑG. Grady for defendants.*

CLARK, C. J.  As to assignments of error 1 and 9, the Peregoy Company was a lumber plant operating much machinery, and under article 23 of the deed of trust the plant was required to be maintained and kept in operation.  On foreclosure under article 4, a sale being made, all the estate of the company was to vest in the purchaser, "whether said trustee be in possession thereof or not, and whether the same be now owned or shall be hereafter acquired."  Article 9 vests in the trustee all the legal and equitable rights to all property then owned by the company, "and all property and rights of any kind whatever acquired or owned during a period of three years" from its date.  The deed, therefore, should be construed to convey all the property that was owned then or acquired within three years.

As to the second assignment of error, while certified copies of records are admitted in evidence, the originals are not thereby made incompetent.  *Iron Co. v. Abernathy,* 94 N. C., 545; *S. v. Voight,* 90 N. C., 741; *S. v. Hunter, ib.,* 829.  These papers were not offered in evidence for the purpose of establishing a link in plaintiffs' title, but to show Bryan's authority, as commissioner, to make the deed and the knowledge which he possessed of this conveyance to Stewart when later seeking to acquire for himself this same property.

Assignment 2: The deed from Ricaud, receiver, to Grady, though void and conveying no title, was competent to show the source of defendants' claim of title and to create an estoppel by connecting both parties with a common source.  *Bond v. Beverly,* 152 N. C., 56.  A void deed is color of title for the purpose of creating an estoppel.  1 Cyc., 1085; *McNeill v. Fuller,* 121 N. C., 212; *Williams v. Council,* 49 N. C., 207; *Wilson v. Land Co.,* 77 N. C., 459; 16 Cyc., 688, sec. 18; Bigelow Estoppel, 356.

RILEY *v.* CARTER.

Exception 5: The admission of the record and proceedings may not have been necessary, but was harmless. The plaintiffs' claim was to the timber and not to the land.

Exception 6: This is to the refusal of a nonsuit, and cannot be sustained. The plaintiff had introduced evidence to show title from a common source by estoppel. Revisal, 808, provides that when there is "a *bona fide* contention on both sides upon evidence constituting a *prima facie* title, no order shall be made pending such action permitting either party to cut said timber trees, except by consent, until the title to said land or timber trees shall be finally determined in such action," with a proviso that "the time within which such timber or trees may be cut or removed by the party claiming the same, and all other rights required in connection therewith, shall not be affected or abridged, but the running of the term shall be suspended during the pendency of such action."

In *Moore v. Fowle,* 139 N. C., 52, it was held that where the court finds that the plaintiffs' claim is *bona fide,* the injunction should not be dissolved, but continued to the hearing. Here the suit was brought 9 September, 1907, and the deed for the timber right made 16 December, 1895, was for 15 years, and would have expired, therefore, 16 December, 1910. The injunction did not interfere with any vested right, but merely prevented either party from taking any advantage of the other pending the litigation, and the statute extended the time for cutting the timber for the period that the injunction lasted.

The court having held that the decree giving leave to sell the timber was void (*Bank v. Peregoy,* 147 N. C., 294), the deed made under it was void.

Exception 8: There being no conflict of testimony, and the facts being virtually admitted, the court could direct a verdict or instruct the jury as it did. *Purifoy v. R. R.,* 108 N. C., 100.

Exception 10: The conveyances containing recitals of the decrees were registered. These recitals being in conveyances made by an officer of the court, are *prima facie* evidence of such decrees, though the decrees themselves were not registered. *Mc-*

165—22

*Kee v. Lineberger,* 87 N. C., 181; *Iron Co. v. Abernathy,* 94 N. C., 545. It is not always· necessary to register the decrees. *Skinner v. Terry,* 134 N. C., 306.

The purpose of the act of Congress as to docketing judgment when obtained in the Federal Court, and of our statute, Revisal, 576, is to place such judgments on the same footing as those obtained in the State courts and to make them a lien from the date of docketing. A judgment in the Federal court on a money demand would not be a lien on real property until docketed in the county where the land is situated. *Alsop v. Mosely,* 104 N. C., 60; *Bernhardt v. Brown,* 122 N. C., 593. There is, however, a distinction between judgments which create liens and decrees enforcing liens already existing. In this case the lien was not created by the decree, but by the deed of trust, and the judgment merely directed the sale of the property to satisfy the mortgage lien.

No error.