BESSIE DUNLAP BLALOCK AND ETHEL DUNLAP BENNETT, EXECUTORS
OF MARK SQUIRES, DECEASED, v. W. G. WHISNANT.

(Filed 2 November, 1938.)

APPEAL by plaintiff Mark Squires from *Rousseau, J.,* at May Term,
1938, of CALDWELL. Affirmed.

The plaintiff in this case entered a suit against the defendant for the
recovery of $1,000, alleged to be due for legal services rendered the
defendant.

The record discloses that the plaintiff was a practicing attorney at
law, but, because of the fact that he had not been actively engaged in
practice for some time, called on another attorney of his town and
consulted with him with regard to the regularity and sufficiency of the
papers drawn by plaintiff. Inasmuch as plaintiff did not desire to file
complaint with summons, the usual request for extension of time to file
complaint was made and signed by the attorney who had been called
in, in the name of his firm. No compensation was paid for this service,
and while the plaintiff was under the impression that the attorney was
formally employed and would receive compensation out of recovery, the
latter felt that he was signing the application for extension of time to
file the pleading *pro forma.* Subsequently, having ascertained that the
head of his firm was related to the defendant in the case, and, upon
request of such partner that he withdraw from the case, he served notice
upon the plaintiff and was, by order of the court, so permitted to with-
draw. Subsequently, a petition for extension of time to file answer
was filed and signed in the name of the legal firm to which the with-
drawing attorney belonged.

Meantime, the plaintiff served notice that he would apply for a judg-
ment by default, which he subsequently did, basing his right to the
judgment on the fact that the time to file answer had expired and that
the application for an extension of time on which the court acted was
void on the ground that the attorneys could not, as a matter of legal
ethics and as a matter of law, represent the defendant, because of former
relation to the plaintiff as attorneys in the case.

The clerk of the court refused to sign the default judgment tendered
by the plaintiff and upon an appeal to the Superior Court Judge Rous-
seau found facts exonerating the attorneys in the case from any viola-
tion of legal ethics or propriety, sustained the ruling of the clerk, and
again denied the motion of plaintiff for judgment by default. From
this judgment, plaintiff appealed.

---

MORROW v. HIGHWAY COMMISSION.

---

Pending the appeal, the plaintiff died, and in the Supreme Court, upon suggestion of his death, Bessie Dunlap Blalock and Ethel Dunlap Bennett, executors of the will of deceased plaintiff, were substituted in his stead as plaintiffs in the cause.

*L. H. Wall for plaintiffs, appellants.*
*L. M. Abernethy and Pritchett, Strickland & Farthing for defendant, appellee.*

PER CURIAM. Upon a careful examination of all the record, the Court is of the opinion that the motion of plaintiff was properly refused, and the judgment is
Affirmed.

---

H. S. MORROW, ADMINISTRATOR OF ESTATE OF R. C. MORROW, v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION, EMPLOYER, SELF-INSURER.

(Filed 2 November, 1938.)

APPEAL by plaintiff from *Warlick, J.,* at January Term, 1938, of IREDELL. Affirmed.

Proceeding for compensation under the North Carolina Workmen's Compensation Act.

The Industrial Commission found that plaintiff's intestate was employed by the State Highway and Public Works Commission in painting a bridge over Catawba River. While so engaged deceased dropped his paint brush into the water. Something was said about going into the water to recover the brush, and the foreman told the deceased not to do so. In violation of this instruction deceased pulled off his clothing, went into the river for the purpose of recovering the paint brush, and was drowned. The Industrial Commission found that the deceased had left the usual scope of his employment and was doing something contrary to the command of his foreman and superior, and concluded that the death of deceased did not arise out of the employment and denied compensation.

Upon appeal to the Superior Court the findings of fact and conclusions of law of the Industrial Commission were adopted and confirmed. and plaintiff appealed to the Supreme Court.

*Raymer & Raymer for plaintiff.*
*Chas. Ross for defendant.*