The plaintiff in this case entered a suit against the defendant for the recovery of $1,000, alleged to be due for legal services rendered the defendant.
The record discloses that the plaintiff was a practicing attorney at law, but, because of the fact that he had not been actively engaged in practice for some time, called on another attorney of his town and consulted with him with regard to the regularity and sufficiency of the papers drawn by plaintiff. Inasmuch as plaintiff did not desire to file complaint with summons, the usual request for extension of time to file complaint was made and signed by the attorney who had been called in, in the name of his firm. No compensation was paid for this service, and while the plaintiff was under the impression that the attorney was formally employed and would receive compensation out of recovery, the latter felt that he was signing the application for extension of time to file the pleading pro forma. Subsequently, having ascertained that the head of his firm was related to the defendant in the case, and, upon request of such partner that he withdraw from the case, he served notice upon the plaintiff and was, by order of the court, so permitted to withdraw. Subsequently, a petition for extension of time to file answer was filed and signed in the name of the legal firm to which the withdrawing attorney belonged.
Meantime, the plaintiff served notice that he would apply for a judgment by default, which he subsequently did, basing his right to the judgment on the fact that the time to file answer had expired and that the application for an extension of time on which the court acted was void on the ground that the attorneys could not, as a matter of legal ethics and as a matter of law, represent the defendant, because of former relation to the plaintiff as attorneys in the case.
The clerk of the court refused to sign the default judgment tendered by the plaintiff and upon an appeal to the Superior Court Judge Rousseau found facts exonerating the attorneys in the case from any violation of legal ethics or propriety, sustained the ruling of the clerk, and again denied the motion of plaintiff for judgment by default. From this judgment, plaintiff appealed. *Page 835 
Pending the appeal, the plaintiff died, and in the Supreme Court, upon suggestion of his death, Bessie Dunlap Blalock and Ethel Dunlap Bennett, executors of the will of deceased plaintiff, were substituted in his stead as plaintiffs in the cause.
Upon a careful examination of all the record, the Court is of the opinion that the motion of plaintiff was properly refused, and the judgment is
Affirmed.