Civil action to recover on alleged contract for professional services.
This action was instituted by Mark Squires, now deceased. The present plaintiffs are the executrices of his will. The complaint alleges, in substance: That about 1 August, 1926, defendant employed plaintiff as attorney to represent him on his appeal to the Supreme Court of Tennessee from judgment of criminal court of Washington County, Tennessee, sentencing him to five years in the penitentiary; that for the services to be rendered, plaintiff was to be paid "whatever was reasonably just and adequate"; that in consequence thereof "plaintiff laid out and expended considerable sums in procuring authorities, traveling expenses, preparation of briefs, and the like, and attended the sitting of the said Supreme Court in the city of Knoxville in the fall of 1926 and argued his said appeal"; that on 20 November, 1926, the Supreme Court rendered judgment quashing the indictment against defendant and restoring him to his liberty —289 S.W. 492; that plaintiff's services were reasonably worth the sum of one thousand ($1,000) dollars, but defendant has wholly failed and neglected to pay plaintiff anything whatever on account thereof until 30 January, 1938, when defendant paid him the sum of fifteen dollars on account.
Defendant, in answer filed, denies the contract of employment, the value of services, and payment thereon, but makes certain admissions, a portion of which plaintiffs offered in evidence as hereinafter set forth. As further defense, defendant pleads the three-year, C. S., 441, and the ten-year, C. S., 445, statutes of limitation, "and all other statutes of limitation known to God or man," in bar of plaintiff's alleged cause of action.
On the trial below plaintiffs offered in evidence parts of the answer of the defendant: (1) Admission that at the time of filing of the answer, plaintiff, Mark Squires, was an attorney at law, resident of Caldwell County, North Carolina; (2) that "this defendant admits that on or about 1 August, 1926, he stood convicted of crime in the criminal court *Page 419 
of Washington County, Tennessee, and that he had been sentenced to serve a term of five years in the state penitentiary of Tennessee, and had given notice of appeal by and through his then counsel"; and (3) that "this defendant admits that the appeal to the Supreme Court of Tennessee was successful."
Plaintiffs introduced deposition of R. H. Cate, who, referring to reported case of G. W. Whisnant v. State, 154 Tenn. 77, argued at Knoxville, September, 1926, Term of Supreme Court of Tennessee, opinion filed 20 November, 1926, testified that he went with the plaintiff, Mark Squires, to the courtroom of said Supreme Court and was present when Mark Squires alone for appellant argued the case on appeal.
Plaintiffs further offered testimony tending to show payment by defendant to Mark Squires in the sum of $15.00 on 29 or 30 January, 1938.
As witness for plaintiff, L. H. Wall, practicing attorney in Caldwell County, testified that he attended a hearing in this action beforeRousseau, J., at Boone, and later signed and served on attorneys for defendant case on appeal; that they served countercase; that he discussed it with them and agreed on the case; that Exhibit B, a typewritten document "is the agreed case on appeal"; that the testimony of Mark Squires given on said hearing appears therein; that Exhibit A, a printed record, is copy of the case on appeal as agreed by counsel; and that Mark Squires died on 11 September, 1938.
Thereupon, plaintiff offered to introduce in evidence testimony of Mark Squires so appearing in Exhibit B. Upon objection by defendant same was excluded. Exception. The testimony excluded was given in hearing of appeal from order of clerk of the Superior Court refusing to grant plaintiff's motion in this action for judgment by default and inquiry. See Blalock v.Whisnant, 214 N.C. 834, 199 S.E. 292.
In the testimony offered, the witness swore that in application for extension of time to file complaint it is set forth that "the purpose of the action is to recover the sum of $1,000 for legal services rendered defendant in keeping him out of the Tennessee penitentiary, which sum defendant promised to pay and which contract he wholly breached. That this is set forth in the complaint." Then referring to Mr. Strickland, who signed the application, but did not sign the complaint, the witness said: "I told him what my cause of action was, and told him what I thought the services were worth. . . . I went to Siler City where the defendant was and got in communication with him, and received $15 from the defendant, and when I came back I told Mr. Strickland I had received the $15 . . ." Witness further testified that the complaint alleges a payment just like he told Mr. Strickland — that it is alleged in paragraph six. Then the witness read paragraph six of the complaint, which *Page 420 
is as follows: "Plaintiff's services to defendant as before alleged were reasonably worth the sum of one thousand ($1,000) dollars, but defendant has wholly failed and neglected to pay plaintiff anything whatsoever because of or on account of his said services until 30 January, 1938, when defendant paid plaintiff the sum of $15 on account."
Reference to certified transcript of record on appeal to this Court at Fall Term, 1938, discloses that Mark Squires testified on direct examination by his counsel and under cross-examination by counsel for defendant.
At the close of evidence for plaintiff, upon motion of defendant, the court sustained demurrer thereto, C. S., 567, and entered judgment as of nonsuit. Plaintiffs appeal to Supreme Court, and assign error.
Two questions arise on this appeal:
1. Did the court err in excluding as evidence the testimony of Mark Squires, now deceased, given in former hearing in this action before judge of Superior Court when considering motion for judgment by default and inquiry?
2. Is the evidence of plaintiffs sufficient to take the case to the jury.
Both questions must be answered in the affirmative.
1. The ruling of the court in excluding the testimony of Mark Squires, since deceased, appears to be based on insufficiency of proof of the record in which it is incorporated, rather than its incompetency. The question is controlled by the decision in Chemical Co. v. Kirven, 130 N.C. 161,41 S.E. 1. There the testimony of a deceased witness on former trial as contained in the statement of case on appeal made out by defendant's counsel and signed by counsel for both plaintiff and defendant was held to be competent. Here the witness Wall described the details of arriving at statement of case on appeal, and says Exhibit B "is the agreed case on appeal." Exhibit A is a copy. However, defendant contends in brief filed in this Court that the proper proof of the case on appeal containing transcript of the testimony is by certificate as required by the statute, C. S., 1779, and C. S., 1780. This contention probably applies to Exhibit A, but not to Exhibit B, as these statutes relate only to copies of public records. The contents of a public record may be proven in any court by the original record itself. State v. Voight, 90 N.C. 741; Iron Co. v.Abernathy, 94 N.C. 545. See, also, Riley v. Carter, 165 N.C. 334,81 S.E. 414, where the Court said: "While certified copies of records are admitted in evidence, the originals are not thereby made incompetent." *Page 421 
2. The evidence, viewed in the light most favorable to plaintiffs, as we must do when considering demurrer to the evidence, C. S., 567, is sufficient to take the case to the jury. The probative force of it is a matter for the jury in determining the issues raised by the pleadings. As the case goes back for a new trial, we refrain from a discussion of the evidence.
For errors here indicated, let there be a
New trial.