LUTHER F. BENTON v. C. G. WILLIS, INC.

(Filed 16 March, 1960.)

**1. Appeal and Error § 24—**

An assignment of error to the charge will not be considered when it is not based upon an exception duly noted in the record.

**2. Trial § 48½—**

A motion to set aside a verdict is addressed to the discretion of the court and its action thereon is not reviewable.

**3. Admiralty: Courts § 19—**

In an action instituted in a State court to enforce rights arising under the Federal Merchant Marine Act of 1920, the Federal substantive law controls.

**4. Same—**

In an action under the Federal Merchant Marine Act of 1920, contributory negligence mitigates the damages but does not bar recovery.

**5. Same—**

In an action under the Federal Merchant Marine Act of 1920, the sufficiency of the evidence to go to the jury is to be determined according to the test laid down by the Federal courts.

**6. Admiralty—**

In an action to recover for an injury under the provisions of the Federal Merchant Marine Act of 1920, evidence justifying with reason the conclusion that employer negligence played any part, however slight, in producing the injury or death for which damages are sought takes the issue to the jury notwithstanding that the evidence may also support with reason a conclusion that the injury resulted from other causes, including the employee's contributory negligence.

**7. Same— Evidence held sufficient to be submitted to the jury in action to recover under the Federal Merchant Marine Act.**

Evidence tending to show that members of the crew of the vessel were provided no gangplank, ladder, or other means for boarding the vessel, that the gunwale was capped with a slick metal pipe rendering it dangerous for members of the crew to board the vessel, and that a member of the crew in attempting to board the vessel from a barge which he was helping to load, in stepping down some 24 inches to the gunwale of the vessel slipped and fell to his injury *is held* sufficient to go to the jury both as to unseaworthiness of the vessel and as to the negligence of the owner, a favorable finding on either question being sufficient to support a verdict in favor of the injured member of the crew.

**8. Damages § 9—**

Where the court instructs the jury that it should, in ascertaining the amount of damages, take into account wages paid the injured plaintiff subsequent to the injury, defendant may not contend that the amount of wages so paid should further be deducted from the award of the jury.

**9. Trial § 55—**

Where the parties stipulate that the court should determine the amount which should be awarded for maintenance and cure, the court's findings in regard thereto have the same force as a verdict of the jury.

APPEAL by defendant from *Mintz, J.,* August, 1959, Regular Civil Term, NEW HANOVER Superior Court.

Civil action to recover "consequential" damages in the amount of $75,625, and Eight Dollars per day for maintenance and cure under the Merchant Marine Act of 1920, known as the Jones Act, 46 USCA, §§ 688, *et seq.,* and under the general marine law.

The plaintiff, a member of the crew of the defendant's tugboat, Patricia, was injured in an accident while the vessel was being operated in interstate commerce. The plaintiff based his cause of action for damages upon the allegations that the injury resulted (1) from the unseaworthiness of the vessel, and (2) from the negligence of the owner in its maintenance and operation (a) by capping the gunwale with a slick metal pipe which rendered it dangerous and unsafe for the members of the crew to board the vessel, and (b) by failure to provide a gangplank, ladder, or other means necessary for the crew's safety. The accident occurred on March 15, 1956, at the Union Bag Company dock, Savannah, Georgia.

At the time of the accident the defendant's barge, C. G. Willis, was moored alongside the dock. Next to it, on its offshore side, was the barge Brien; and on its offshore side was the Patricia. The captain and the members of the crew were assisting in loading the Brien when lunch call sounded. While they were returning to the Patricia for the meal, the plaintiff attempted to step down from the deck of the Brien to the gunwale of the Patricia. In so doing he fell, and as a result sustained serious and permanent injuries.

The evidence in the light most favorable to the plaintiff tended to show the following: As he attempted to board the Patricia from the Brien it was necessary for him to step down 24 to 30 inches from the barge to the gunwale of the Patricia. A metal pipe, six or eight inches in diameter, had been placed along the gunwale of the Patricia to permit the mooring rope to slide along the gunwale without damaging the rope. The soles of plaintiff's shoes had become wet while he was assisting in loading the barge. The pipe on top of the gunwale was slippery, having recently been painted. The plaintiff's foot slipped, causing his fall. No ladder or gangplank, or other means of boarding the Patricia was provided or available.

The parties entered stipulations that the plaintiff was an employee

of the defendant, the amount of his wages, and that he received full payment from the date of the accident until February 15, 1958, and two-thirds pay from February 16, 1958, to September 15, 1958; that he received all his medical and hospital treatment at the expense of the defendant to date; that compensatory damages, if any, shall commence September 15, 1958. The parties stipulated, "the issue of maintenance and cure shall be withdrawn from the jury and submitted to the court . . . for its determination."

Additional stipulations were made for the consideration of the court alone, and not to be submitted to the jury, as follows: That the amount of the plaintiff's compensation already paid is $3,465 beginning March 16, 1956, and ending September 5, 1958; and that the United States Fidelity and Guaranty Company has incurred medical expenses on behalf of the plaintiff in the sum of $1,788.33.

The defendant introduced evidence which need not be repeated as it is not material to the questions now presented. The court, without objection, submitted the following issues:

"1. Were the plaintiff's accident and injuries proximately caused by any degree by the negligence of the defendant, as alleged in the Complaint?

"2. Were the plaintiff's accident and injuries proximately caused in any degree by any unseaworthiness of the tug 'Patricia,' as alleged in the Complaint?

"3. Did the plaintiff's negligence contribute in any degree to his injury, as alleged in the Answer?

"4. In what amount, if any, is the plaintiff entitled to recover of the defendant?"

The jury answered the first three issues, "Yes," and the fourth, "$27,000.00." The judgment on the verdict and stipulations provided (1) for recovery of $27,000 with interest from date of the judgment, and for costs; (2) "By consent of parties that, on plaintiff's cause of action for maintenance and cure, plaintiff should have and recover of the defendant the sum of $1,000, without interest." From the judgment, the defendant appealed.

*John J. Burney, Jr., Rountree & Clark, By: George T. Clark, Jr., for plaintiff, appellee.*

*R. L. Savage, James, James & Crossley, By: Murray G. James for defendant, appellant.*

HIGGINS, J. During the trial the defendant entered four exceptions, all unnumbered. In sequence they are: (1) To the overruling of the

motion to nonsuit at the close of the plaintiff's evidence; (2) to the overruling of the motion repeated at the close of all the evidence; (3) to the refusal of the court to set the verdict aside; and (4) to the judgment. All other exceptions appear for the first time in the assignments of error, of which there are seven.

Assignment No. 1 is based on Exception No. 2, to the refusal to grant the nonsuit at the close of all the evidence. Assignments 2, 3, and 4 relate to the court's charge. The record fails to disclose any exception to the charge, or to mark out any part thereof which is deemed objectionable. The fifth assignment is to the refusal of the court to set the verdict aside. The sixth is to that part of the judgment which refers to matters submitted to the court under the stipulations relating to maintenance and cure, and the seventh is to the entry of the judgment.

Assignments 2, 3, and 4, not being supported by previously noted exceptions designating the objectionable parts of the charge, must be disregarded. Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 554, and annotations thereunder. *Bulman v. Baptist Convention,* 248 N.C. 392, 103 S.E. 2d 487; *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Rigsbee v. Perkins,* 242 N.C. 502, 87 S.E. 2d 926; *Fuquay v. Fuquay,* 232 N.C. 692, 62 S.E. 2d 83.

Assignment No. 5, based on the refusal to set the verdict aside, was addressed to the discretion of the court and is not reviewable.

Assignment No. 1, based on the court's refusal to nonsuit at the close of all the evidence, and Assignments Nos. 6 and 7, relating to the entry of the judgment, properly present the only questions which need be considered on this appeal.

The plaintiff brought this action in the State court. However, its purpose is to enforce rights arising under Federal law. See Merchant Marine Act of 1920, 46 USCA, § 688, known as the Jones Act; The Federal Employers' Liability Act, 45 USCA, §§51-60, made applicable to the Jones Act cases; Article III, Section 2, United States Constitution, as to admiralty and maritime jurisdiction. The Federal substantive law must control decision in this case. *Bailey v. Central Vermont Railway, Inc.,* 319 U.S. 350, 87 L. ed. 1444; *Maynard v. R. R.,* 251 N.C. 783, 112 S.E. 2d 249.

Contributory negligence mitigates the damages but does not bar recovery. The sufficiency of the evidence to go to the jury is determined according to the test laid down by the Federal courts. The Federal Employers' Liability Act applicable to merchant marine cases has been the subject of repeated decisions by the Supreme Court of the United States. A recent decision gives us the following rule: "Un-

der this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. . . . The law was enacted because the Congress was dissatisfied with the common law duty of the master to his servant. . . . The employer is stripped of his common law defenses and for all practical purposes the inquiry in these cases today rarely presents more than the single question whether the negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." *Rogers v. Missouri Pacific R. R.*, 352 U. S. 500, 1 L. ed. 2d 493.

In *Butler v. Whiteman*, 356 U.S. 271, 2 L. ed. 2d 754, the court, on evidence not as strong as presented here, nevertheless held it sufficient to present a case for the jury. In that case the negligence principally relied on was failure to provide a gangplank for use of the crew in boarding and leaving the vessel. See also, *Schulz v. Pennsylvania R. R.*, 350 U.S. 523, 100 L. ed. 668; *Davis v. Virginian R. R. Co.*, decided by the U. S. Supreme Court on January 25, 1960, 4 L. ed. 2d 366, 80 S.Ct. 387.

Application of Federal rules, therefore, compels us to hold the evidence presented in this case was sufficient to go to the jury, both as to unseaworthiness of the vessel and as to the negligence of the owner. A favorable holding on either issue will support the verdict. The unseaworthiness complained of consisted of the placing of the pipe on the gunwale and the failure to provide gangplank, ladder, or other device by which the crew might board and leave the vessel in safety. These matters are, also, alleged as owner negligence. The evidence was sufficient to go to the jury and to sustain its findings.

The parties, by consent, withdrew from the jury other matters involved in the case. They made stipulations as to facts which were withheld from the jury and submitted to the court for its determination. The parties appear now to be in dispute as to the meaning of these stipulations. The defendant contends that the payment of wages of $3,488 should be deducted by the court from the jury's award. This contention is not supported by the record. The jury took into account the stipulation as to payments. The court charged as follows: "It is stipulated that the plaintiff has received the following wages: From the date of the accident, March 15, 1956, until February 15, 1958, full wages or salary, and further that he received two-thirds

wages or salary from February 16, 1958, to September 15, 1958. You will take that into consideration when you fix such damages as you may fix for loss of past earning power." At first this was treated as a compensation case.

Insofar as the jury was concerned, no amount was stipulated as having been received. The amount was the basis of a stipulation for the court and not for the jury. The parties, by stipulation, left to the court decision of the cause of action for maintenance and cure. The court made its findings and rendered a judgment for $1,000. We have no more right to disturb that finding than we do to disturb the jury's finding. By reason of the stipulation to leave the matter to the court, the court's findings have the same force as a verdict of the jury.

There seems to be a conflict in the stipulations as to final date on which wages were paid. Stipulation 6 says two-thirds wages were paid to September 15, 1958. Stipulation 11 says compensation ended on September 5, 1958. The court, in its charge, gave the defendant the benefit of having paid wages to the later date.

The record as presented to us fails to show anything of which the defendant may justly complain.

No error.