VEELLA MASSEY v. CALVIN GASTON SMITH.

(Filed 14 October, 1964.)

APPEAL by plaintiff from *Patton, J.,* May 1964 Civil Session of MECKLENBURG.

Plaintiff was injured when struck by an automobile operated by defendant. The collision occurred at night as plaintiff was crossing Hawkins Place, a street in Derita. Plaintiff, to support her claim for damages, alleged the collision was caused by defendant's negligent failure: (1) to keep a proper lookout, (2) to maintain control over his vehicle, (3) to give warning of his approach, and (4) driving on the wrong side of the street.

Defendant denied plaintiff's allegation of negligence. As an additional defense, he pleaded plaintiff's negligence as a contributing cause of the collision.

The jury, on appropriate issues, found the collision was caused by the negligence of both parties. Judgment was entered that plaintiff recover nothing. Plaintiff excepted and appealed.

*Charles V. Bell for appellant.*
*Haynes, Graham & Bernstein for appellee.*

PER CURIAM.  Plaintiff has only one exception, that is to the charge covering eleven pages of the record. The exception is broadside. It is

not sufficient to raise the question: Did the court comply with G.S. 1-180? *Rigsbee v. Perkins*, 242 N.C. 502, 87 S.E. 2d 926. Hence there is no exception on which to base an assignment of error. Error is not shown by an assignment not supported by appropriate exception. *Clifton v. Turner*, 257 N.C. 92, 125 S.E. 2d 339; *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118.

No error.