## STATE v. JAMES WILLIAM DUNN.

### (Filed 5 May, 1965.)

**1. Evidence § 24—**

An original instrument may be introduced in evidence whether recorded or not, and where it is introduced in evidence with a certificate of the register of deeds appearing thereon G.S. 8-18 has no application, and the contention that the instrument is not admissible until properly identified by the register of deeds is without foundation.

**2. Evidence § 25—**

A ledger account sheet identified by the creditor as containing entries made in the regular course of business by his secretary, is competent.

**3. Appeal and Error § 24—**

Assignments of error to the charge based upon exceptions appearing nowhere in the record but under the assignments of error are ineffective.

APPEAL by defendant from *Carr, J.,* January 1965 Regular Criminal Session of WAKE.

On 6 August 1964 the defendant, James William Dunn, was charged in a warrant issued by the Clerk of the Recorder's Court of Wake Forest with having wilfully and feloniously disposed of mortgaged property in violation of G.S. 14-114. Upon conviction in the Recorder's Court, the defendant appealed to the Superior Court of Wake County.

The State's evidence tends to show that on 15 February 1964, F. J. Williams, a licensed automobile dealer, sold to defendant a 1957 Ford station wagon for $650.00, with no down payment. Defendant executed his note to Williams in the amount of $650.00, payable in 52 equal installments of $12.50 per week, the first installment to be due and payable 22 February 1964, secured by a chattel mortgage executed by the defendant and his wife on the 1957 Ford, a bedroom suit, a dining room suit, a living room suit, a refrigerator, a deep freeze, a television set and an electric stove. This chattel mortgage was filed for registration in the office of the Register of Deeds of Wake County on 6 March 1964 and recorded in Book 1297, at page 646 on 9 March 1964.

Williams testified that defendant defaulted in his payments as provided for in the note secured by the chattel mortgage, and refused upon demand to surrender the property to Williams, admitting that he had moved practically all the items described in the chattel mortgage to Virginia where he planned to move later. He refused to surrender the property or any of it to the mortgagee, and informed Williams that if he wanted to get his money he would have to collect it from a third party. It developed that the party to whom he was trying to sell the 1957 Ford was not a satisfactory credit risk and Williams refused to

release the defendant. Williams caused claim and delivery papers to be issued, and he repossessed the 1957 Ford.

The testimony tends to show that the motor and other parts of the Ford station wagon had been seriously damaged. In the meantime the defendant had bought and was using a Cadillac car. No other personal property described in the chattel mortgage was recovered.

At the close of the State's evidence, the defendant moved for judgment as of nonsuit. Motion denied. Defendant announced that he would offer no evidence, and renewed his motion for nonsuit. Motion again denied. The jury returned a verdict of guilty, and from the judgment imposed the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Charles W. Barbee, Jr., for the State.*
*Hubert H. Senter for defendant appellant.*

DENNY, C.J. The defendant's first assignment of error is to the ruling of the court below in allowing the introduction in evidence of the recorded chattel mortgage which is referred to as State's Exhibit No. 1. The defendant contends that such instrument is not admissible until it has been properly identified by the register of deeds in the manner set forth in G.S. 8-18. This statute is not applicable when the original instrument is offered in evidence with the certificate of the register of deeds appearing thereon with respect to the time filed for registration and the book and page where it has been registered and the date of such registration. *S. v. Voight,* 90 N.C. 741; *Iron Co. v. Abernathy,* 94 N.C. 545; *Riley v. Carter,* 165 N.C. 334, 81 S.E. 414. Moreover, there is nothing in the record to indicate that the chattel mortgage introduced in evidence was not the identical chattel mortgage executed by the defendant and his wife, which original instrument could have been properly introduced in evidence whether it had been recorded or not. This assignment of error is overruled.

The defendant's second assignment of error is to the admission in evidence of the ledger account sheet on the ground that it was not sufficiently identified. The witness Williams testified that the ledger contained entries made in the regular course of business by his secretary. Furthermore, there was evidence to the effect that the defendant defaulted after making only thirteen payments out of the 52 weekly payments he had contracted to make; that he was in default in his payments when Williams caused claim and delivery proceedings to be instituted for the purpose of obtaining possession of the items described in the chattel mortgage for the purpose of sale in an effort to obtain

payment of the balance due him from defendant. This assignment of error is also overruled.

The defendant purports to assign as error numerous parts of the court's charge. However, no exception appears with respect thereto except under the purported assignments of error. Such assignments are ineffective to challenge the correctness of the charge. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Bulman v. Baptist Convention,* 248 N.C. 392, 103 S.E. 2d 487; *Benton v. Willis, Inc.,* 252 N.C. 166, 113 S.E. 2d 288; *Cratch v. Taylor,* 256 N.C. 462, 124 S.E. 2d 124; *Massey v. Smith,* 262 N.C. 611, 138 S.E. 2d 237.

Other assignments of error have been examined and we find them without merit and they are overruled.

In the trial below we find no error that would justify disturbing the verdict and judgment entered below.

No error.